502 So.2d 1078 (1987)
Mitchell PRICE
v.
FIREMAN'S FUND INSURANCE COMPANY, et al.
No. 86-C-1833.
Supreme Court of Louisiana.
February 23, 1987.
*1079 Charles A. Riddle, III, Marksville, for applicant.
Charles H. Munstermann, Alexandria, for respondent.
COLE, Justice.
In this workers' compensation case, the Court of Appeal found the plaintiff failed to prove he was disabled from performing any reasonable type of work, and reversed a trial court judgment for plaintiff.[1]
The trial court had found plaintiff, Mitchell Price, was totally and permanently disabled and awarded him compensation of $160.00 per week, an increase of $64.00 per week from the rate paid for nearly seven months by the compensation insurer.
A writ of review was granted by this Court[2] to consider whether plaintiff proved permanent or temporary disability and, if so, what his rate of compensation should be; and further, to consider whether plaintiff was entitled to expenses past the month when two doctors found him able to return to work.
Mitchell Price was working as a bricklayer's assistant on August 17, 1983, when he stepped backward and fell from a scaffold. He fell 10 feet or more and landed on his back on a pile of broken bricks. Price knew immediately he was injured, but at his insistence he was driven from Baton Rouge to his hometown of Marksville, where he had his wife admit him to the town's general hospital.
Price was found to have multiple non-displaced fractures of the ribs and a pneumothorax, i.e., a small amount of air escaping out of the lung into the chest cavity. He also received an injury to the left clavicle, which left a permanent bony prominence, and a mild abrasion of the scalp. He complained of difficulty in breathing and extreme soreness. Price said during his hospitalization he also complained of lower back pain, but the attending physician said Price never complained to him of back pain.
Plaintiff was placed in the intensive care unit for three days and discharged the fourth day. Dr. Fernando Garcia treated Price during the hospitalization. He related the injuries to Price's ribs were toward the back part of the body. He said he would expect Price to return to work as a bricklayer's assistant, within four to six weeks of the accident. However, Dr. Garcia did not see Price after the hospitalization.
Following his hospital stay, plaintiff consulted Dr. Edmond J. Kalifey, a Marksville general practitioner. Based upon his first examination of Price on August 29, 1983, Dr. Kalifey concluded Price was totally disabled and would remain disabled for several weeks. Injuries to the ribs commonly cause pain for four to six months, he said. On November 28, 1983, Price returned to Dr. Kalifey and complained of pain in the upper and lower back. The doctor's X-rays of the back were negative. Dr. Kalifey was not "impressed" with Price's complaints of back pain. Dr. Kalifey said however he related the back complaints more to the workplace accident than to plaintiff's recent lifting of a small television set. On February 2, 1984, plaintiff saw Dr. Kalifey for the last time and the physician said plaintiff was at that point well enough to resume work as a brick layer's assistant, even considering the heavy physical labor required.
The compensation insurer paid weekly compensation benefits of $96.00 a week *1080 from the date of the accident (August 17, 1983) to February 29, 1984. The plaintiff's medical expenses were also paid by the insurer through February 29, 1984.
On January 19, 1984, plaintiff filed suit against the compensation insurer, alleging he was totally and permanently disabled, or in the alternative, temporarily totally disabled. In addition to compensation, he sought reimbursement for travel and medical expenses. He alleged his claim was arbitrarily and capriciously denied by Fireman's Fund. The accident occurred August 17, 1983, therefore the 1983 amendments to the Workers' Compensation Act apply, since they became effective July 1, 1983.
After filing the suit, the plaintiff's attorney sent Price to orthopedic specialists in Baton Rouge.
Dr. F.C. McMains saw Price on February 28 and May 16, 1984. On the first visit, Dr. McMains found a five percent disability in the left upper arm but was of the opinion plaintiff could return to work as a bricklayer's helper. He found no objective evidence to confirm plaintiff's complaints of back pain. He expected the back pain to subside gradually. On the second visit, Price again complained of pain in the left shoulder and back. Because plaintiff had persistent complaints of back pain, Dr. McMains said he would recommend Price's treating physician perform a CAT scan.
Price saw Dr. Bruce Razza once, September 5, 1984, and complained of back pain and tenderness in his shoulders. Dr. Razza said he believed Price was at that time disabled from heavy physical labor.

EXTENT OF DISABILITY
From our review of the record, we conclude the plaintiff failed to prove by clear and convincing evidence that he was totally and permanently disabled. LSA-R.S. 23:1221(2)(c) provides that compensation for permanent total disability shall be awarded only if the employee proves the disability by clear and convincing evidence.
All the medical evidence indicates that, at best, plaintiff's disability was temporary. The plaintiff and his wife admitted at trial that at some time subsequent to the accident, plaintiff was well enough to drive a farm tractor for five consecutive days. Therefore, he was not, as the trial court said, unable to perform any type of labor.
Although Dr. Kalifey found plaintiff totally disabled on August 29, 1983, he found Price able to resume work as a bricklayer's assistant on February 2, 1984.
This medical opinion is reinforced by Dr. McMains' conclusion that on February 28, 1984 Price could return to work in the masonry business, despite the five percent disability in the left arm.
In brief, if plaintiff's disability was total, he failed to prove it was permanent.
We now consider whether plaintiff proved he was temporarily totally disabled. The 1983 amendments to the Workers' Compensation Act placed the requirement of clear and convincing evidence only on R.S. 23:1221(2) Permanent Total Disability.
The level of proof required for establishing a temporary total disability is by a preponderance of the evidence. We think the court in Brewster v. Manville Forest Products, Inc., 469 So.2d 340 (La.App.2d Cir.1985), at 345, correctly sets out the different levels of proof.
A reading of the new statute, which became effective on July 1, 1983, reveals that the statute placed a more stringent burden of proof on the claimant seeking benefits for a permanent total disability. The statute requires that a claimant prove a permanent total disability by clear and convincing evidence. It does not appeal however, that the claimant's burden of proof for temporary total disability has been altered.
The plaintiff and his wife were the only witnesses at trial. They testified the plaintiff suffered substantial pain at the time of trial and could not return to work because of back and shoulder pains. The plaintiff's five-day job of driving a tractor ended, they *1081 said, because the plaintiff could not stand the pain.
The medical opinions of plaintiff's disability were mixed.
Dr. McMains found objective indications of an impairment to Price's clavicle. He said plaintiff would have difficulty lifting weights over his head because of this disability.
Dr. Razza considered Price disabled from heavy physical labor. But, the defendant showed, Dr. Razza's opinion relied heavily on the plaintiff's subjective complaints.
When Price left the hospital, his treating physician thought he would be well enough in four to six weeks to return to work. Dr. Kalifey's opinion was nearly identical. He found Price totally disabled August 29, 1983, less than two weeks after his accident, but thought his disability would disappear within several weeks. By February 2, 1984, his examination revealed Price was able to return to his former job. Later in February, Dr. McMains found Price had a slight disability but could return to his bricklayer's job.
There is little evidence to establish plaintiff's disability persisted past February 1984. The only medical opinion of a lingering disability came from Dr. Razza.
The plaintiff's testimony of continuing back pain must be considered in light of the medical opinions which found little to substantiate the complaints. And there is nearly unanimous medical opinion that plaintiff's disability had disappeared by the end of February 1984.
On this record, we are satisfied plaintiff failed to provide clear and convincing evidence of a total and permanent disability, but there is a preponderance of evidence establishing temporary total disability through the month of February 1984.

WAGE RATE
The parties stipulated plaintiff's rate of pay prior to this accident was $6.00 per hour. He had worked as a bricklayer's assistant to Alton Lachney for a period of less than two weeks when he was injured. Price worked for Lachney when work was available and the weather allowed masonry work.
Price's rate of compensation while injured was set at $96.00 per week, by the insurer. The trial court found plaintiff should have received $160 per week and awarded him the difference, a sum of $65.00 per week for each week paid. The insurer and the trial court reached different conclusions in measuring Price's circumstances against LSA-R.S. 23:1021(10)(a). It provides:
Wages means average weekly wages at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly Wages
(i) if the employee is paid on an hourly basis and the employee is employed for 40 hours or more, his hourly wage rate multiplied by the average actual hours worked in the 4 full weeks preceding the date of the accident or 40 hours, whichever is greater; or (ii) if the employee is paid on an hourly basis and the employee was offered employment for 40 hours or more, but regularly, and at his own discretion, worked less than 40 hours per week for whatever reason, then, the average of his total earnings per week for the 4 full weeks preceding the date of his accident; or (iii) if the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.
The insurer concluded Price had "regularly and at his own discretion, worked less than 40 hours per week...." Therefore it awarded him the average of his total earnings per week for the four week period prior to the accident. The insurer concluded also Price missed work for reasons other than illness or bad weather. Price insisted he missed only one day when work was available and that was due to illness. Lachney testified that according to his records, Price failed to show up for work.
We have reviewed Lachney's deposition testimony and on the whole find it was *1082 vague and based on comments made by others regarding Price's absences. Lachney did testify Price worked at least one day when no other workers showed up for work. Price's memory of his work days is unequivocal. He insisted he was always ready and willing to work.
Since Price missed work only once for illness he cannot be said to have "regularly and at his own discretion" worked less than 40 hours per week. Therefore, we will apply section (i) of 23:1021(10) providing if the employee is paid on an hourly basis and the employee is employed for 40 hours or more, his hourly wage rate (should be determined as) multiplied by the average actual hours worked in the four full weeks preceding the date of the accident, or 40 hours, whichever is greater. (Emphasis added.) Under 23:1021(10)(a)(i) therefore, Price's compensation rate would be determined on the basis of a 40 hour work week (the greater figure) multiplied by $6.00 an hour. The worker's compensation rate would be two-thirds of $240.00 i.e., $160.00.
Price was paid $96.00 per week by the insurer, who relied on section (ii) of 23:1021(10), when he should have been paid $160.00 per week. We will therefore reinstate the trial court's award on the rate of compensation. Plaintiff is entitled to judgment for the difference between the actual rate paid and the amount of $160.00 per week, from August 17, 1983 to February 29, 1984, together with legal interest on each differential installment from the due date until paid.

MEDICAL EXPENSES
The plaintiff seeks reimbursement for medical fees and expenses he incurred in seeing Drs. McMains and Razza. The compensation insurer has refused to pay these expenses, but did pay medical expenses through February 1984.
LSA-R.S. 23:1203 A requires the employer to:
Furnish all necessary medical, surgical, and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this State as legal....
It is well settled the employer and his insurer are not obligated to pay the bills of physicians consulted by the employee at the request of the employee's attorney for evaluation purposes. Jones v. Hunsicker, 188 La. 468, 177 So. 576 (1938); Skinner v. Baggett Transportation Company, 391 So.2d 555 (La.App. 4th Cir.1980); Milligan v. Bayou Vista Manor, Inc., 355 So.2d 569 (La.App. 3d Cir.1978).
Plaintiff testified he visited both physicians on the recommendation of his attorney. Dr. McMains considered himself an evaluating physician and did not treat Price. McMains recommended Price's physician conduct a CAT scan for the persistent back pain of which Price complained.
Plaintiff contends Dr. McMains mistakenly thought he was under another doctor's care. He also contends Dr. Razza is treating plaintiff, since he recommended a back brace and certain pharmaceutical prescriptions.
We are satisfied the plaintiff's visits to these two physicians were for evaluation purposes in advance of litigation. The employee and his insurer paid reasonable fees for hospitalization and physician's treatments for some seven months. Since there is ample medical evidence to show the plaintiff is able-bodied and can return to work, the medical bills incurred after February 1984 are not reimbursable.
For the foregoing reasons, we find the plaintiff was temporarily totally disabled from the date of the accident, August 17, 1983, through the month of February 1984, and that the correct rate of compensation is $160.00 weekly. Accordingly the Court of Appeal is reversed and the judgment of the trial court is reinstated as to the rate of compensation but amended as to the nature and duration of disability.
REVERSED AND RENDERED.
WATSON, J., dissents.
NOTES
[1] Price v. Fireman's Fund Insurance Company, 492 So.2d 514 (La.App. 3d Cir.1986).
[2] 496 So.2d 338 (La.1986).