525 So.2d 633 (1988)
Billy Ray UNDERWOOD, Plaintiff-Appellee,
v.
SOUTHERN CASUALTY INSURANCE CO., et al., Defendant-Appellant.
No. 86-1278.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*634 Fuhrer, Flournoy & Hunter, George Flournoy, Alexandria, for plaintiff-appellee.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Peggy St. John, Alexandria, for defendant-appellant.
Before FORET, LABORDE, YELVERTON, and KNOLL, JJ., and CULPEPPER, J. Pro Tem.[*]
LABORDE, Judge.
In this worker's compensation case, the plaintiff, Billy Ray Underwood, filed suit against his employer, Maricle Logging Contracting, Inc. (Maricle) and its worker's compensation insurer, Southern Casualty Insurance Co. The trial court found the plaintiff to be permanently totally disabled and awarded him $186.67 per week from May 7, 1984, continuing through the period of his disability. The court denied plaintiff's request for penalties and attorney's fees. Defendants now appeal claiming that the trial court's finding that the plaintiff was permanently and totally disabled was erroneous. Defendants also assert that they should have been awarded attorney's fees for having to obtain an order compelling plaintiff to answer one of the interrogatories propounded to him. Plaintiff answered this appeal claiming that he should have been awarded penalties and attorney's fees and that he is entitled to reimbursement for certain medical expenses which were not awarded by the trial court.
The facts of this case were stipulated to by the parties. On May 7, 1984, Underwood was injured by a falling tree while working for Maricle. Underwood suffered injuries to his back. At the time of trial, plaintiff was 26 years old. He was required to wear a back brace and was limited in the type of activities in which he could participate. Dr. Weiss, an orthopedic surgeon, advised plaintiff to avoid bending, stooping, or lifting. Dr. Weiss performed a spinal fusion on Underwood and testified that such an operation has a success rate of 85%. Dr. Weiss also testified that the duration of Underwood's disability was undetermined.

DISABILITY
The defendants allege that Underwood failed to prove by clear and convincing evidence that he is totally and permanently disabled. They cite the 1983 revisions of the Louisiana Workers' Compensation Laws as requiring plaintiff to meet this burden. Specifically, the defendants refer to LSA-R.S. 23:1221(2) which covers compensation for permanent total disability and states in pertinent part:
"(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (2)(a) of this Paragraph, compensation for permanent total disability shall not be awarded if the employee is engaged in any employment or selfemployment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, *635 that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment."
Defendants claim that this burden of proof was not met by the plaintiff. They argue that the expert testimony of Leonard Michiels, a vocational rehabilitation counselor, shows that plaintiff was capable of holding other jobs. Mr. Michiels conducted a "Labor Market Survey" which purportedly showed there were jobs available in the area where Underwood lived that could be performed by someone with his physical limitations. Defendants further argue that because Dr. Weiss could not conclusively say whether or not Underwood would remain permanently and totally disabled until a sufficient time subsequent to the operation on Mr. Underwood, plaintiff failed to meet his burden of proof.
The 1983 amendments to the Worker's Compensation Act established a stricter standard for establishing permanent and total disability. The plaintiff must prove by clear and convincing evidence that he is unable to engage in any employment or self-employment, regardless of the nature of employment or selfemployment. Beckham v. Commercial Union Insurance, 517 So.2d 886 (La.App. 3d Cir.1987). The trial judge in the present matter found the plaintiff to be permanently and totally disabled. "The manifest error rule is applicable to review of worker's compensation cases and the trial court's findings will not be disturbed where there is evidence before the trier of fact which, upon the latter's reasonable evaluation of credibility, furnishes a reasonable factual basis for those findings." Beckham, supra. We feel that the finding of the trial court in the present matter that the plaintiff is permanently and totally disabled was manifestly erroneous as the plaintiff did not meet his burden of proof by clear and convincing evidence. We find the rule of Brewster v. Manville Forest Products Corp., 469 So.2d 340 (La.App. 2d Cir.1985) to be applicable. That case involved a plaintiff who suffered injuries to his head, back, neck, and shoulder when a piece of particle board fell on him. The court held that the plaintiff did not meet the burden of proving he was permanently and totally disabled by clear and convincing evidence. Instead the court held he had only proved by a preponderance of the evidence temporary total disability.[1] The court said:
"Therefore this court finds that when an injured manual laborer is disabled at the time of trial from performing physical labor and is still undergoing medical testing and treatment with an indefinite recovery period, yet it appears reasonably certain he will be able to engage in the same or other gainful occupation within a foreseeable period of time, he is entitled to benefits for temporary total disability."
Id. at 346. The Louisiana Supreme Court has recently reenforced this rule that while a plaintiff must prove permanent disability by clear and convincing evidence, he need only prove temporary total disability by a preponderance of the evidence. Price v. Fireman's Fund Ins. Co., 502 So.2d 1078 (La.1987). From the record in the case at hand, it appears reasonably certain that plaintiff will sufficiently recover enough to engage in some type of gainful employment in the future. Thus we hold that plaintiff failed to prove permanent and total disability by clear and convincing evidence. *636 We further hold that the plaintiff was able to prove temporary total disability by a preponderance of the evidence. For these reasons, we reverse the trial court's decision finding that the plaintiff is permanently and totally disabled and render our determination that he has instead proven temporary total disability.

DEFENDANTS' ATTORNEY'S FEES
Defendants assert that they are entitled to receive reasonable attorney's fees for obtaining an order compelling plaintiff to answer an interrogatory propounded to him.[2] The trial judge denied defendants' request for attorney's fees. Defendants cite LSA-C.C.P. Art. 1469 as allowing them to recover such fees. That article provides for a motion to compel discovery and in part (4) it provides (in pertinent part):
"(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."
This court has recognized that an award of costs and attorney's fees for a motion to compel discovery is within the sound discretion of the trial judge. Green v. Provencal Tie Mill, 392 So.2d 722, 724 (La.App.3d Cir.1980); Chiasson v. Widman, 376 So.2d 350 (La.App. 3d Cir.1979). Defendants here claim that since the trial judge simply denied attorney's fees without stated reasons, it shows that he was unable to find any reason for such a denial and that we should award such fees. We disagree. In using his discretion, the trial judge felt that imposition of such fees for the motion to compel the answers to this interrogatory was unwarranted. We affirm this decision by the trial judge.

PLAINTIFF'S ATTORNEY'S FEES, PENALTIES, AND ADDITIONAL MEDICAL EXPENSES
The plaintiff contends that the trial court should have awarded him penalties and attorney's fees for alleged arbitrary and capricious actions by defendants. He claims that the defendants arbitrarily suspended his worker's compensation benefits on two occasions, did not pay his first week of benefits, and has not paid certain medical and related expenses which are still owed. "Whether the refusal to pay benefits was arbitrary, capricious or without probable cause is a factual determination and the findings of the trial court should not be disturbed in the absence of manifest error." Belt v. State Through La.Bd. of Cosmetology, 493 So.2d 278, 286 (La. App.3d Cir.), writ denied, 496 So.2d 1044 (La.1986). We feel that the trial judge adequately considered the facts of this case and decided that plaintiff should not recover penalties and attorney's fees. We agree with this decision and adopt that portion of his opinion:
"Defendants suspended benefits twice, both times based on factors beyond Southern Casualty's control. In both situations, Southern Casualty relied on erroneous information supplied to it by third parties. Penalties are not due when defendant's nonpayment results from conditions beyond defendant's control. Theriot v. American Employees Ins. Co., 482 So.2d 648 (La.App. 3rd Cir. 1986). In both cases benefits were quickly reinstated on Southern Casualty's own volition. Defendants admit that the first suspension was wrongful because they failed to first obtain a court order. See LSA-R.S. 23:1201. Mr. Kurt Lindell, representative of Southern Casualty, testified that his company agreed to pay attorney's fees for the first suspension and awaited only a submission of a bill. To be entitled to attorney's fees, *637 however, defendant's discontinuance must be `arbitrary, capricious or without probable cause.' LSA-R.S. 23:1201.2. Here the suspensions were based on a cancelled doctor's appointment and a misleading [sic] medical report. Southern Casualty was mistakenly told that the appointment was cancelled by the patient when it was actually cancelled by the doctor. Plaintiff is not entitled to attorney's fees. Benefits were reinstated within one month the first time and within days the second time.
Plaintiffs also claim certain bills have not been paid or were paid late. These bills amount to several hundred dollars out of some several thousand dollars worth actually paid. One bill, paid late, was identical to one actually paid and was apparently submitted six months late through clerical error. The other bills concern a ten dollar pharmacy charge and a medical evaluation performed for purposes of treatment as well as litigation. None of these bills justify penalties or attorney's fees. Plaintiff's claim for higher travel allowances is rejected because it exceeds the standard rate. It is clear from the record that plaintiff was never denied medical treatment."
For the above reasons, the decision by the trial court is affirmed in part, reversed in part, and rendered. Costs of this appeal are taxed to defendant, Southern Casualty Insurance Co.
AFFIRMED IN PART; REVERSED IN PART, AND RENDERED.
KNOLL, J., dissents and assigns reasons.
YELVERTON, J., dissents for the reasons assigned by KNOLL, J.
KNOLL, Judge, dissenting.
The majority reverses the trial court by concluding that under the rationale of Brewster v. Manville Forest Products Corp., 469 So.2d 340 (La.App. 2nd Cir. 1985), Underwood did not meet his burden of proof by clear and convincing evidence. For the following reasons I respectfully disagree.
I find Brewster distinguishable from the case sub judice. A review of the disability in Brewster establishes that plaintiff had no objective findings, underwent no surgery and his condition was improving.
The disability in the case sub judice is substantially different. Dr. John T. Weiss performed a bilateral, lumbosacral spinal fusion on October 25, 1985. At the same time Dr. Weiss temporarily implanted an electrical stimulus device to help insure the fusion; he originally intended to remove the device 6-7 months post-surgery. As late as July 1986, the date of trial, the electrical stimulus device had not been removed. At the time of trial Underwood was still wearing a back brace and complained of shooting pains from his back into the legs, as well as numbness in his left arm and hand. He testified he had swelling in the back and reported that sitting and standing for long periods of time (approximately 1 hour) caused pain so severe that he would have to lie down for an hour, two to three times a day. Dr. Weiss's deposition shows that all he wanted Underwood doing was "to wear his brace at all times, to roll into his brace on getting up, and except for instructions on how to take a shower, to wear it except when in bed." Dr. Weiss considered Underwood totally disabled and did not want him doing anything more than walking or standing or sitting for alternating periods of time, and prohibited him from bending, stooping and lifting.
The majority concludes Underwood did not prove his disability was permanent for the reason that Dr. Weiss could only say in his deposition that the duration of Underwood's disability was undetermined because the fusion was not yet solid, the electrical stimulator had not yet been removed, and Underwood was still dependent on a back brace. This is where I find Brewster clearly distinguishable. It is uncontroverted that Underwood's condition was not improving: the electrical stimulator was still in place nine months postsurgery; he was dependent on a back brace; and, he still had pain. Moreover it was not established by defendants that it was reasonably certain Underwood would *638 be able to engage in the same or other gainful employment within a forseeable period of time. Under this set of facts, I do not find the trial court was manifestly wrong in its conclusion that Underwood's disability was permanent.
The majority also emphasizes that the testimony of Leonard Michiels, a vocational rehabilitation counselor, showed that Underwood was capable of performing the following jobs: a telephone insurance solicitor; a cashier at a convenience store; a sewing machine operator; a cab driver; and a deliveryman. The trial court made no mention of this testimony in its reasons for judgment and rightfully so. The record is clear that Mr. Michiels made this determination without interviewing Underwood, without seeing him face-to-face, and most importantly, without confirming with Dr. Weiss that Underwood could perform any of these jobs. The jobs delineated either required prolonged sitting or standing, positions prohibited by Dr. Weiss and particularly specified by Underwood as causing him pain to the extent that he would have to lie down for approximately an hour to obtain relief. I find the trial court's rejection of this testimony amply supported. This witness offered no evidence that Underwood was capable of performing any of these jobs. Moreover, the record clearly shows that defendants failed to prove that Underwood was capable of performing any jobs even under temporary total disability, as provided by LSA-R.S. 23:1221(1).
Under LSA-R.S. 23:1221(2) the claimant has a tougher burden of proof, namely the clear and convincing standard, in establishing a claim for permanent total disability. I find it unconscionable that an employee can meet this heavy burden of proof, and have the claim defeated by a mere showing of availability without the employer showing by clear and convincing evidence the employee's capability of performing the jobs available. In my view, this was not the intent of the legislature in raising a stricter standard for establishing permanent and total disability. Therefore, I find the test is not only showing jobs available, but also whether Underwood was capable of performing the jobs listed by Mr. Michiels under the same burden of proof.
Concerning the issues of penalties and attorney's fees for arbitrary and capricious actions by defendants, the majority adopts the reasoning of the trial court and finds no manifest error. Penalties and attorney's fees should be granted since the record shows that the defendants were clearly arbitrary and capricious. Underwood's worker's compensation benefits were suspended in February and May of 1985 because Underwood allegedly failed to keep medical appointments for examinations requested by defendants. Compensation was reinstated on March 21 (for the February suspension) when counsel for plaintiff advised defendant the doctor cancelled the appointment. The suspended May payments were reinstated on June 26 because Dr. Waldman notified defendants Underwood was not ready to return to work. These two suspensions were authorized by Southern's claim representative in Omaha, a Nebraska attorney, even though nothing in the insurer's file indicated Underwood no longer needed treatment. The suspension of compensation was initiated by claims examiners employed by Southern. Under these facts I would award penalties and reasonable attorney's fees.
NOTES
[*] Hon. William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] LSA-R.S. 23:1221(1) provides compensation for temporary total disability:

"(1) Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and twothirds percent of wages during the period of such disability."
[2] Defendants' interrogatory #28 requested an itemized list of all legal services and related expenses incurred by plaintiff. Plaintiff objected to this interrogatory. Defendant then filed a motion to compel an answer to this interrogatory and on July 9, 1986, the court ordered the plaintiff to respond to the interrogatory.