JOHN W. GREENE, Judge Pro Tem.
Plaintiff seeks worker’s compensation for injuries received by her on February 27, 1983. The trial court found plaintiff to be entitled to benefits for temporary total disability. Defendant appeals this decision, specifying that the trial court erred in finding that plaintiff met her burden of proof and in awarding plaintiff temporary total disability benefits.
Plaintiff was employed by defendant as a housekeeper. On February 27, 1983, plaintiff slipped and fell while at work. She was taken to the emergency room of East Jefferson General Hospital on the date of this accident. X-rays were taken of plaintiff’s lumbar spine and right wrist.
Plaintiff first saw Dr. John Garoutte, an orthopedic surgeon, on March 7, 1983 with complaints of pain in her wrist. She saw Dr. Garoutte sixteen or seventeen times for treatment of her wrist injury, which included an operation to her wrist.
Dr. Garoutte had seen plaintiff for low back problems on four occasions prior to February 27, 1983. He testified that plaintiff had recovered from each of these low back problems shortly after they occurred. The last time he saw plaintiff for a low back problem prior to the date of the accident was in November, 1982. He felt that plaintiff had recovered from this low back problem by November 8, 1982.
Dr. John Jackson, neurosurgeon, first saw plaintiff on August 25,1983. She was complaining of low back pain. Plaintiff told him that she had some prior low back problems before the date of the accident but had gotten over them.
From August 25, 1983 to January 21, 1987, Dr. Jackson had three CAT scans, a myelogram and an MRI performed on plaintiff. These tests revealed a deteriorating back. Dr. Jackson was of the opinion that as of the date of trial, plaintiff had bulging at L4-5 causing her low back pain, along with bulging at the left L-5/S-1 area which was causing a compression of the S — 1 nerve root. He also testified that she had an absent Achilles reflex which was a definite change first noticed at plaintiff’s January 19, 1987 office visit. He was of the opinion that plaintiff could not work.
Dr. Raeburn Llewellyn, a neurosurgeon, examined plaintiff on January 28, 1986, finding, from the CAT scan and myelogram done in October, 1985, a herniation at the L4-5 level and a bulging at the L5-S1 level. Dr. Llewellyn was of the opinion that plaintiff is unable to work.
Dr. Jackson and Dr. Llewellyn were of the opinion that the slip and fall on February 27, 1983 caused this low back problem. Both doctors testified that this opinion on causation could not have been made unless plaintiff had complained of back pain to Dr. *1336 Garoutte during the course of his treatment of her.
Dr. Garoutte testified that he could not remember plaintiff complaining about back pain until her next to last office visit on July 20,1983. She also complained of back pain on August 10, 1983, the date of her last visit with Dr. Garoutte. Plaintiff testified that she had complained to Dr. Gar-outte of back pain during the time he saw her. Dr. Garoutte concluded in his notes for the August 10, 1983 visit by plaintiff that she must have told him on prior occasions of her lumbar discomfort since she had x-rays of her lumbar spine taken on the date of the accident at East Jefferson General Hospital and had told him that she had complained to him on prior occasions of her low back pain; however, Dr. Garoutte could not remember any such complaints and made no notation of these complaints in his notes prior to the July 20, 1983 and August 10, 1983 office visits. In finding that the slip and fall on February 27, 1983 caused the back problems found by Drs. Jackson and Llewellyn, the trial court apparently determined that plaintiff must have complained to Dr. Garoutte during the course of his treatment of her. We cannot disagree with this interpretation by the trial court.
The record contains other evidence indicating that a serious factual question is presented as to whether the plaintiff’s low back problems were related to the slip and fall on February 27,1983 or were related to medical problems pre-existing February 27, 1983 or whether these medical problems were caused by the actions of plaintiff subsequent to the February 27, 1983 incident.
In order to recover benefits for temporary total disability, the plaintiff must prove her case by a preponderance of the evidence. Price v. Fireman’s Fund Insurance Company, 502 So.2d 1078 (1987); Underwood v. Southern Casualty Insurance Co., 525 So.2d 633 (La.App. 3rd Cir., 1988).
In reviewing an award in a worker’s compensation case the manifest error rule applies and a trial court’s findings should not be disturbed where there is evidence before the trier of fact which, upon the trial court’s reasonable evaluation of credibility, furnishes a reasonable, factual basis for those findings. Beckham v. Commercial Union Insurance Company, 517 So.2d 886 (La.App. 3rd Cir., 1987); Guerrero v. Tico, 436 So.2d 1237 (La.App. 5th Cir., 1983).
After a thorough review of the testimony in this case, we cannot make the determination that the trial court was in error in its findings. Accordingly, the judgment of the trial court must be affirmed.
Plaintiff argues in her brief that the trial court erred in not awarding her medical expenses. Since the plaintiff did not appeal the trial court’s judgment nor answer the defendant’s appeal, the question regarding medical expenses is not properly before this Court.
Costs of this appeal are assessed to the appellant.