541 So.2d 233 (1989)
Robert REED
v.
SOUTHERN BAPTIST HOSPITAL and Underwriters Adjusting Company, Inc.
No. 88-CA 1368.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
Denis Paul Juge, Jeffrey C. Napolitano of Sutherland, Juge & Keevers, New Orleans, for defendants/appellants.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
CIACCIO, Judge.
In this worker's compensation case defendant-employer appeals a judgment awarding plaintiff-employee compensation for total, permanent disability. Defendant specifies four assignments of error. We amend the judgment and, as amended, affirm.
In 1969, plaintiff began working for defendant as a porter. He was promoted to *234 scrub porter and remained in that capacity until he stopped working for defendant in 1987. At that time plaintiff was 61 years old.
In 1983, plaintiff hurt his back and missed a month of work; defendant paid him worker's compensation. In 1984 he experienced problems with his back and missed a week of work; defendant paid him worker's compensation. From 1984 to 1987 plaintiff did not miss any work because of his back, nor did he receive any worker's compensation.
In 1987, back pain caused plaintiff to seek medical attention. His job as scrub porter involved a lot of bending, stooping, reaching and lifting; he mopped floors, which required filling, lifting and emptying the mop buckets containing four to six gallons of water; he operated a large, commercial floor buffer; he picked up trash, emptied trash cans, and performed general clean-up duties such as dusting venetian blinds and toting laundry bags. Plaintiff found that his work caused his back to hurt so that he could work no more. In April 1987, he stopped working, collected sick pay through July 1987, and then took early retirement, collecting $146.50 a month.
On April 10, 1987, because the pain in his back had worsened so that he could not work, plaintiff sought treatment from Dr. Courtney Russo, an orthopedic surgeon. Dr. Russo frequently had seen plaintiff at work and was familiar with plaintiff's daily work duties because plaintiff worked on the floor in the hospital where Dr. Russo often performed surgery. Plaintiff gave Dr. Russo a history of back pain which gradually had increased in the two or three weeks prior to his visit to Dr. Russo's office. Plaintiff gave no history of any particular occurrence when his pain suddenly became worse, only that as he worked he experienced pain which recently had increased, gradually reaching a level that prevented him from working.
Dr. Russo considered plaintiff's condition to be an aggravation of his prior back problems, now becoming symptomatic. He considered that the aggravation could have resulted from the physical strain of plaintiff's usual course of daily work duties. Dr. Russo initially administered conservative treatment, to which plaintiff showed slight improvement, but eventually admitted plaintiff to the hospital for diagnostic tests.
Plaintiff underwent a myelogram and CT scan. From these tests Dr. Russo diagnosed plaintiff as having two herniated discs, arthritis inside of the spine and spinal stenosis. His recommended treatment was a decompressive laminectomy to remove the herniated discs and the arthritic bone.
Dr. Russo performed the recommended surgery on May 22, 1987. Dr. Russo opined unequivocally that plaintiff's back condition was caused and aggravated by the physical strain of plaintiff's normal daily work duties at the hospital. Dr. Russo classified plaintiff as totally and permanently disabled from doing the type of work he had been doing at the hospital and noted that he will need regular pain and arthritic medication and regular doctor visits to monitor his condition and regulate his medication. Further, Dr. Russo advised that plaintiff should restrict future physical activity to lifting no more than 15 or 20 pounds, sitting or standing in one position or walking about for no more than an hour at a time, with a workday of no more than two to four hours.
Defendant offered evidence that plaintiff at home had engaged in physical activity such as mopping, sweeping and raking leaves, suggesting that this activity just as probably as his work duties could have caused and aggravated his back condition. Defendant also presented the testimony of a vocational rehabilitation counselling expert, who suggested available jobs plaintiff should be able to perform without violating any of the physical restrictions imposed by Dr. Russo.
Defendant complains first that no compensable work-related accident occurred.
... extraordinary physical stress and strain is not essential to the definition of disabling accident: when the performance *235 of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Parks v. Insurance Company of North America, 340 So.2d 276 (La. 1976); Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968). See also McCoy v. Kroger Co., 431 So.2d 824 (La.App. 2d Cir.1983); Ferrand v. Kaiser Aluminum and Chemical, 398 So.2d 37 (La. App. 4th Cir.1981); and Gales v. Great Atlantic and Pacific Tea Co., 342 So.2d 241 (La.App. 4th Cir.1977). Further, if a worker is afflicted with a pre-existing condition which in its ordinary course may have produced disability, he is nevertheless entitled to worker's compensation if a work related "accident" brings about disabling consequences. Malloy v. AT & T Consumer Products, 475 So.2d 80 (La.App. 2d Cir.1985); see Allor v. Belden Corporation, 393 So.2d 1233 (La. 1981); Green v. New Orleans Public Service, Inc., 413 So.2d 257 (La.App. 4th Cir.1982).
Houston v. Kaiser Aluminum and Chemical, 531 So.2d 1129, 1131-1132 (La.App. 4th Cir.1988).
There is no evidence that plaintiff was other than healthy when he began working for defendant. The evidence supports the trial judge's conclusion that after eighteen years in defendant's employ plaintiff suffered disabling consequences from the physical stress and strain of his usual and customary duties for defendant. Our state's jurisprudence interpreting our statutory scheme for worker's compensation, specifically the definition of "accident," supports the trial judge's finding of an accident.
Whether there is a causal relationship between a claimant's disability and his employment is a question of fact. The factual findings of the trial court on whether a disability was caused by a work-related accident are entitled to great weight on appellate review. Martin v. H.B. Zachary Company, 424 So.2d 1002 (La.1982); Houston v. Kaiser Aluminum and Chemical, above. The record before us supports the trial judge's finding that plaintiff's disability is causally related to his employment with defendant, rather than to his activity at home or elsewhere. We, therefore, will not disturb that finding.
Defendant next complains of the finding of total and permanent disability. Plaintiff is a man in his sixties with a seventh grade education who suffers relatively severe restrictions on his physical activity, including no heavy lifting or repetitive bending or stooping, no sitting, standing in one position, or walking for more than an hour at a time, and a workday of only two to four hours. There is no prognosis for improvement.
The trial judge apparently found that plaintiff was not suited for any type of gainful employment, including those jobs suggested by defendant through its vocational rehabilitation counselling expert. The record supports that conclusion, and we find it neither contrary to law nor clearly wrong. We, therefore, will not disturb that conclusion.
Defendant next complains that it should not have been cast in judgment to "pay future medical and rehabilitation on behalf of Robert Reed, under the direction of Dr. Courtney Russo." Under La.R.S. 23:1203, liability for medical expenses arises only as they are incurred. A plaintiff is not entitled to an award for future medical expenses, but the right to claim such medical expenses is always reserved to the plaintiff. Lester v. Southern Cas. Ins. Co., 466 So.2d 25, 27 (La.1985), and cases cited therein; see also Hernandez v. F.W. Woolworth Co., 516 So.2d 139, 144-145 (La.App. 4th Cir.1987), writ denied 516 So.2d 361 (La.1987) (the reserved right to future medical expenses need not be specifically reserved in the judgment), and Cahill v. Schultz, 521 So.2d 442 (La.App. 4th Cir. 1988) (suggesting that a judgment awarding future medical expenses or specifically reserving that right is "erroneous"). We, therefore, amend the judgment to delete the order casting defendant for future medical and rehabilitation expenses.
*236 Defendant's final complaint is that the trial judge erred by finding that defendant acted arbitrarily and capriciously in the denial of liability, and that defendant should not have been cast for penalties and attorney fees. The trial judge found that defendant was fully aware of all factors and information necessary for determining the nature, cause, and extent of plaintiff's condition. The record supports that conclusion. Defendant argues that plaintiff did not complain of a work-related accident or injury. The record reveals, however, that defendant knew that plaintiff quit working because the condition of his back caused him such pain that he could not work. An insurer or employer is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated or denied. Johnson v. Ins. Co. of No. America, 454 So.2d 1113, 1117 (La.1984); Lutz v. Jefferson Parish School Board, 503 So.2d 106, 111 (La.App. 5th Cir.1987); Duplechain v. Gulf States Utility Co., 468 So.2d 1386, 1390 (La.App. 3d Cir.1985). Defendant made no effort to ascertain plaintiff's medical condition and whether it was work-related. We find no error in the trial judge's conclusion that defendant acted arbitrarily and capriciously in denying plaintiff compensation. We, therefore, will not disturb the award of penalties and attorney fees.
For the reasons assigned, we amend the judgment to delete the award for future medical and rehabilitation expenses, and otherwise affirm.
AMENDED and AFFIRMED.
WILLIAMS, J., dissents in part.
WILLIAMS, Judge, dissenting in part.
While I believe Reed may be entitled to compensation under the provisions for temporary total disability or supplemental earnings benefits, I do not believe the record supports a finding of permanent total disability.
LSA-R.S. 23:1221(2) as amended in 1983 imposes a strict standard of proof for an employee seeking benefits for permanent total disability. The onus is on the employee to prove "... by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain ...." LSA-R.S. 23:1221(2)(c) [emphasis added]. See Price v. Fireman's Fund Insurance Co., 502 So.2d 1078 (La.1987); A. Johnson, Bound in Shallows and Miseries: The 1983 Amendments to the Workers' Compensation Statute, 44 La.L.Rev. 669 (1984).
In the present case, Dr. Russo testified that plaintiff could never return to the type of work required of a scrub porter. However, Dr. Russo testified that plaintiff might be able to work under some restrictions, specifically, no lifting over 15-20 pounds, no sitting or standing for longer than one hour, and no working over two to four hours daily. Plaintiff has not satisfied his burden under LSA-R.S. 23:1221(2) where, as here, he asserted only his subjective belief that he cannot perform any type of work. Johnson v. Monroe Pulpwood Company, Inc., 505 So.2d 862, 865 (La. App. 2d Cir.1987). The record in the instant case fails to show that Reed was physically unable to engage in any employment. Accordingly, I believe the trial court was manifestly erroneous in finding plaintiff permanently and totally disabled. Underwood v. Southern Casualty Insurance Co., 525 So.2d 633 (La.App. 3d Cir.1988); Keith v. Office of Risk Management, 516 So.2d 440 (La.App. 1st Cir.1987).
When a claimant fails to show permanent total disability, this court may examine the case for temporary total disability. See Price v. Fireman's Fund Insurance Co., 502 So.2d at 1080.
LSA-R.S. 23:1221(1) provides for payment of compensation in the amount of sixty-six and two-thirds percent of wages during the period of disability, for injury producing temporary total disability of an employee to engage in any gainful occupation for wages. An employee may prove *237 temporary total by a preponderance of the evidence. Price v. Fireman's Fund Insurance Co., 502 So.2d at 1080; Underwood v. Southern Casualty Insurance Co., 525 So. 2d at 635; Johnson v. Monroe Pulpwood Company, Inc., 505 So.2d at 866. Moreover, the working in pain doctrine remains applicable to temporary total cases. Johnson v. Monroe Pulpwood Company, Inc., 505 So.2d at 866.
The record in the instant case supports a finding that Reed was "unable to engage in any ... gainful occupation for wages" commencing April, 1987 and continuing at least through February 4, 1988 because he was in substantial pain and/or due to his surgery. However, the record is inconclusive as to the duration of this condition.
Furthermore, when a satisfactory degree of healing is reached, Reed's condition would be deemed permanent and the pain would no longer be grounds for total disability. Johnson v. Monroe Pulpwood Company, Inc., 505 So.2d at 866. Dr. Russo testified that, although the restrictions that were placed on Reed would remain approximately the same, there was a possibility at the time of trial that Reed's condition might improve to some degree. Thus, the record is also inconclusive as to when and if a satisfactory degree of healing was reached, which might signal an end to temporary total disability.
The other type of compensation benefits possibly available to Reed are supplemental earnings benefits (SEB) under LSA-R.S. 23:1221(3)[1]. Where the employee is unable to earn 90% or more of his wages at the time of injury, he is entitled to SEB of "sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and average monthly wages earned or (which) the employee is able to earn in any month thereafter in any employment...."
Where, as here, the employee is not working, the amount determined to be the wages the employee is able to earn is the amount he is physically able to perform and which he was offered or which was proven available to him. LSA-R.S. 23:1221(3)(c)(i). It is then the employee's burden to prove by clear and convincing evidence that he cannot perform the available employment due solely to substantial pain. LSA-R.S. 23:1221(3)(c)(ii).
Although the defense introduced the testimony of an expert in vocational evaluation, the trial court discounted the expert's evaluation as incomplete since plaintiff had not been seen personally by the expert. Thus, the record is inconclusive as to which, if any, jobs plaintiff was actually able to perform and were actually available to plaintiff.
While the record clearly establishes that Reed sustained a disability for which he is entitled to some compensation, the record on appeal is insufficient to determine the degree of that disability. My review of the record and appellant's brief indicates that this case was not tried with the view of obtaining or defending against either temporary total or SEB. Therefore, in the interest of justice, I would remand for 1) a determination of Reed's entitlement to temporary total benefits by finding a) the duration of Reed's inability to engage in any gainful occupation for wages due to his surgery or substantial pain, and b) at what point Reed attained a satisfactory maximum degree of recovery; and 2) a determination of Reed's entitlement to SEB and the amount thereof. See Keith v. Office of Risk Management, 516 So.2d at 446; Shatoska v. International Grain Transfer, Inc., 430 So.2d 1255, 1262 (La.App. 1st Cir. 1983). See also Gardner v. Minnie, Inc., 339 So.2d 1247, 1250 (La.App. 1st Cir.1976).
For the foregoing reasons, I respectfully dissent from the majority's holding that the trial court did not err in finding a permanent total disability.
NOTES
[1] Reed is not entitled to permanent partial disability under the 1983 amendments to LSA-R.S. 1221(4), which by inference excluded claims for impairment of the function of the back or neck. Keith v. Office of Risk Management, 516 So.2d at 444-445. See A. Johnson, supra, 44 La.L.Rev. at 688.