607 So.2d 708 (1992)
Alonzo J. LEMOINE, III
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 91-CA-2031.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
Writ Denied December 21, 1992.
*710 Richard A. Tonry, Michael C. Ginart, Jr., Tonry and Ginart, Chalmette, for appellee.
Thomas G. Buck, Blue, Williams & Buckley, Metairie, for appellant.
Before BARRY, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
In this worker's compensation case, defendant-employer appeals a judgment awarding plaintiff-employee compensation for total disability. Defendant complains that the trial judge erred by finding plaintiff unsuitable for any gainful employment, by failing to find plaintiff's claim had prescribed, and by awarding statutory penalties and attorney's fees. We affirm.

FACTS
On August 16, 1985, while in the course and scope of his employment as a night stock clerk for Schwegmann's, plaintiff, Alonzo Lemoine, III, injured his back. Unable to return to work for eleven months, Lemoine was paid worker's compensation. In July 1986, Dr. Bert Bratton released Lemoine to "light duty." Upon returning to work, he was assigned different tasks by his employer in an attempt to find something he could perform without pain, but each job entailed lifting and bending. Because the various job assignments required repetitive bending, lifting and stooping, claimant's back condition worsened.
On July 12, 1987, while working as a gas station attendant at Schwegmann's, plaintiff's back injury was aggravated to such an extent that he could no longer work. Defendant paid benefits for a short time, then terminated weekly benefits on January 10, 1988.

DISCUSSION
ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred when it found the claimant totally disabled. The trial court found the claimant was "totally disabled from performing manual labor, requiring acquiring [sic] the lifting of anything but the lightest weights, or from standing or walking for extended periods." Additionally, the court awarded weekly worker's compensation benefits "until such time as plaintiff is retained in suitable employment for which he is physically capable of performing."
Considering the language in the judgment, the finding was temporary total disability, not permanent total disability. La. Rev.Stat.Ann. § 23:1221 (West 1985) differentiates temporary total disability from permanent total disability as follows:
(1) Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
(2) Permanent total.
(a) For any injury producing permanent total disability of any employee to engage in any self-employment or gainful occupation for wages, whether or not of the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee was particularly fitted by reason of education, training, experience, sixty-six and two-thirds of wages during the period of such disability.
(b) For purpose of subparagraph (2)(a) of this Paragraph, compensation for permanent total disability should not be awarded if the employee is engaged in any employment or self-employment regardless *711 of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
The jurisprudence has held the 1983 amendments to § 23:1221 failed to exclude from temporary total disability the application of the odd-lot doctrine. However, the odd-lot doctrine does not apply in cases where the employee's condition is permanent rather than temporary. Breaux v. Travelers Insurance Co., 526 So.2d 284 (La.App. 3d Cir.1988). In determining whether a claimant is temporarily and totally disabled, the odd-lot doctrine is a viable consideration. DeGruy v. Pala, Inc., 525 So.2d 1124 (La.App. 1st Cir.1988), writ denied 530 So.2d 568 (La.1988); Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied 559 So.2d 124 (La. 1990)
The issue of disability is determined by the totality of the evidence, including both lay and medical testimony. On appellate review, the trial court's findings of work connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact, which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, unless clearly wrong. The reviewing court should not disturb reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable. Guillory v. Soloco, Inc., 570 So.2d 139 (La.App. 3d Cir.1990) (citing Charles v. Aetna Casualty & Surety Co., 525 So.2d 1272 (La.App. 3d Cir. 1988), writ denied 531 So.2d 480 (La.1988)).
There is no doubt that plaintiff was disabled from July 12, 1987, to the date of the trial of this matter. Lemoine testified that the excruciating pain in his back prevented him from engaging in any type of work. Additionally, every doctor who saw and treated plaintiff found him to be disabled and unable to engage in any type of work; moreover, his condition was found to be continuously deteriorating.
A claimant is considered temporarily totally disabled under the odd lot doctrine when he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training, age, or other factors combined place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to the employee's residence. Guillory, Degruy, Frazier, supra.
While Lemoine may one day be suited for other employment of a more sedentary nature with sufficient training, the trial court notes that his hearing impairment, learning disabilities and lack of all but the most rudimentary education pose difficulties for even the most skilled rehabilitation counselor. Until such a time as suitable employment is found, claimant will continue to receive worker's compensation benefits.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant contends the trial court erred when it failed to dismiss the plaintiff's claim on an Exception of Prescription. Specifically, Schwegmann's argues that there was only one accident sustained by the claimant in connection with his employment, and that accident occurred August 16, 1985. Since claimant did not bring his lawsuit until after one year from the cessation of worker's compensation payments, the claim is prescribed.
Our Supreme Court has held that extraordinary physical stress and strain is *712 not essential to the definition of disabling accident: when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Further, if a worker is afflicted with a pre-existing condition which in its ordinary course may have produced disability, he is nevertheless entitled to worker's compensation if a work related "accident" brings about disabling consequences. Houston v. Kaiser Aluminum and Chemical Corporation, 531 So.2d 1129 (La.App. 4th Cir.1988); Reed v. Southern Baptist Hospital, 541 So.2d 233 (La.App. 4th Cir.1989).[1]
In this case, Lemoine originally hurt his back on August 16, 1985. Unable to work, he received worker's compensation for a period of eleven months. Returning to work, he was assigned different tasks in an attempt to find something he could do without experiencing pain. The repetitive bending, stooping, and lifting required in these job assignments exacerbated his back condition to the point of disability.
Addressing the issue of prescription, La. Rev.Stat.Ann. § 23:1209 provides in pertinent that:
In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made.... Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.
The trial court held that defendant's Exception of Prescription is without merit and denied it. A formal claim was filed with the Office of Worker's Compensation on July 13, 1987, the day after the accident. Thereafter, worker's compensation was paid to Lemoine until January 10, 1988, when defendant ceased making payments. Since plaintiff filed suit within one year from receiving his last payment, this action had not prescribed.
Schwegmann's next argument, with regard to prescription, is that the recommendation received from the Office of Worker's Compensation ("OWC") pertaining to plaintiff's claim was dated December 28, 1987. Specifically, Schwegmann's argues that any party rejecting the recommendation of the OWC has 60 days to file a petition therein.
La.Rev.Stat.Ann. § 23:1311 provides, in pertinent part, the time period in which to file a claim in court when a party rejects the OWC recommendation:
If any party rejects the recommendation of this office, the employee or his dependent shall present within 60 days of the receipt of the recommendation or within the period established by La.Rev.Stat. Ann. § 23:1209, which ever occurs last, a verified petition to the district court... of the parish in which the injury was done or the accident occurred.... [Emphasis Added]
The last payment in this case was made on January 10, 1988. Suit was filed on March 24, 1988, well within one year from the expiration of the time of making the last payment for worker's compensation herein.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
In its last assignment of error, defendant contends the trial court erred when it found the defendant arbitrary and capricious for terminating compensation benefits on January 10, 1988 and awarded penalties and attorney's fees. Specifically, Schwegmann's argues where an employer is not told about the necessity for certain treatments, does not find out about treatment until after it has been performed, and never receives copies of the bills, an arbitrary and capricious finding is clearly improper.
*713 The district court awarded penalties and attorney's fees based on the arbitrary and capricious failure of Schwegmann's to pay the following:
(1) Medical Bills;
(2) Weekly Compensation Benefits;
(3) Vocational Rehabilitation.
La.Rev.Stat.Ann. § 23:1201(E) subjects the employer or insurer to a twelve percent penalty on any unpaid compensation installment unless the employer or insurer has "reasonably controverted" the employee's right to benefit; § 23:1201.2 authorizes an award of attorney's fees when the employer or insurer's failure to pay a claim within sixty days of written notice is found to be "arbitrary, capricious, or without probable cause."
The trial court's determination that an award of penalties and attorney's fees is warranted is based on a finding of fact and his decision should not be disturbed unless it is clearly wrong. Williams v. Union Tank Car Co., 524 So.2d 858 (La.App. 3d Cir.1988).
The record reveals that defendant knew plaintiff quit working because his back pain was so severe. Every treating physician considered plaintiff disabled and repeatedly sent reports to Schwegmann's indicating that he was disabled. Additionally, several of plaintiff's physicians wanted to run additional tests, but Schwegmann's refused to pay the cost. Defendant refused to pay Lemoine his weekly compensation benefits, even after entering into a stipulation to do so should the trial court decide against it on the prescription issue.
Finding no error in the district judge's conclusion that defendant acted arbitrarily and capriciously in denying plaintiff compensation, we will not disturb the award of penalties and attorney fees. All costs are assessed against appellant.
AFFIRMED.
NOTES
[1] Act 454, § 1, effective January 1, 1990 adopted a new definition of "accident" under the Louisiana Compensation Law. This new amendment legislatively overrules cases such as Houston and Reed. However, at the time of Lemoine's accident, Houston was the law.