436 So.2d 1237 (1983)
Maria GUERRERO
v.
Taco TICO and Reliance Insurance Company.
No. 83-CA-312.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1983.
Rehearing Denied September 16, 1983.
*1238 Bryon, Nelson, Allen & Schroeder, Maria I. O'Byrne Stephenson, New Orleans, for plaintiff-appellee.
O'Keefe, O'Keefe & Berrigan, Joseph F. LaHatte, Jr., New Orleans, for defendants-appellants.
Before CHEHARDY, CURRAULT and GRISBAUM, JJ.
GRISBAUM, Judge.
In this worker's compensation suit, defendants, Taco Tico and Reliance Insurance Company, appeal a judgment which found plaintiff, Maria Guerrero, totally and permanently disabled pursuant to La.R.S. 23:1221(2) and awarded compensation payments of $44.33 per week beginning on the date of the last compensation payment continuing for the duration of the disability together with all medical expenses, all costs of the trial court proceedings, and legal interest from the date of judicial demand. We affirm.
The issues presented are:
(1) Whether plaintiff experienced a work-related injury?
(2) Whether plaintiff has proven she belongs in the odd-lot category of worker's compensation cases which qualifies her for permanent and total disability status?
FACTS
On November 4, 1977 while working as a cook for Taco Tico, plaintiff allegedly fell and injured her left elbow. Testimony at trial indicated that previously in April 1977, Ms. Guerrero had fallen outside Taco Tico and injured her left arm.
After reporting the incident to her supervisor, she was taken to the emergency room of a local hospital where she initially received treatment. She has continued under medical supervision to the date of the trial. Initially, Ms. Guerrero saw Dr. Alain Cracco for treatment of her arm. He indicated she had a double fracture of her left elbow. She then developed post-traumatic arthritis of the elbow, but he recommended only conservative treatment due to residual edema and swelling. Due to her continued discomfort, in March 1978 Ms. Guerrero underwent surgery in the nature of an excision of the radial head of her left elbow which was followed by physical therapy and medication; however, she continued to experience pain, and upon the request of the compensation insurer, she visited Dr. Raoul Rodriguez for another medical opinion in September 1979. In August 1980, Dr. Rodriguez *1239 performed surgery on her left elbow which involved an anterior transposition of the ulnar nerve but the pain only intensified. Since this surgery, Ms. Guerrero has continued to experience pain, discomfort, and swelling in the left arm. In October 1981 she saw Dr. Stuart Phillips for treatment of her arm, and he remained her treating physician until the date of trial. Since her accident in November 1977, she also consulted Dr. Irwin Reddler, Dr. Correa, and Dr. J. Monroe LaBorde.
According to Dr. Phillips' report, she has "an unfortunate post-operative complication of post-traumatic sympathetic dystrophy." Dr. Cracco, Dr. Rodriguez, and Dr. Reddler also indicated in their reports that plaintiff suffers swelling and aching in and around her left elbow. However, Dr. LaBorde who examined plaintiff one time on May 24, 1982 found "no objective physical impairment on examination." He gave her a ten to fifteen percent physical impairment of the left arm and indicated she could return to her previous occupation.
Ms. Guerrero was born in Columbia and moved to the United States in 1966. While her primary language is Spanish, she is able to both read and understand the English language. She received her education in Columbia. This consisted of completing grammar school, junior high school, and a specialized training program in education. She is certified to teach grammar school in Columbia.
Although attempting various jobs since her injury in November 1977, plaintiff testified she was unable to work without severe pain. She did complete 1100 hours of a 1500 hour beautician vocational training program but was unable to complete the course due to pain and swelling in her left arm.
Defendants presented a vocational rehabilitation evaluation report compiled by the Crawford Rehabilitation Services to show job availability for plaintiff. Based on her educational and vocational work background, the report suggested several job possibilities in the areas of sales clerk, educational assistant-teacher's aide, cashier, library assistant, and Spanish speaking desk clerk. Defendants also introduced a labor market survey for the Greater New Orleans area which indicated specific job availability in the New Orleans area.
WORK-RELATED INJURY
Plaintiff's employer and its worker's compensation insurer contend that allegations in plaintiff's original petition for worker's compensation benefits, plaintiff's deposition introduced into evidence, and the emergency room report also admitted into evidence, cast doubt as to plaintiff's credibility. Her original petition contained a statement that her first injury happened while she was within the course and scope of employment in April 1977 on a street outside of Taco Tico. However, in her deposition, plaintiff stated, in April 1977, she fell outside a movie. At trial, plaintiff stated she first injured her arm by falling on a street in front of Taco Tico as she was on her way to the movies. Plaintiff's counsel explained the statement in the petition as a misunderstanding due to a translation problem since plaintiff is primarily Spanish-speaking. Defendants also claim that discrepancies in the emergency room report and plaintiff's trial testimony cast "grave doubt" as to whether the alleged second accident is work-related. Referring to plaintiff's second accident, the emergency room report states plaintiff fell at home and injured her left elbow; however, plaintiff testified, at trial, she fell while working at Taco Tico. Defendants claim these different versions so damage plaintiff's credibility and cast doubt as to whether the claim is compensable.
The trial judge in his reasons for judgment, however, found plaintiff fell and injured her left elbow while punching out her time at the time clock. He found this accident aggravated an existing injury on the same arm. Due to the trial court's better capacity to evaluate live witnesses, our standard for appellate review requires us to give great weight to the trial court's factual findings of work-related disability. These findings should not be disturbed where there is evidence before the trier of *1240 fact which upon the latter's reasonable evaluation of credibility, furnishes a reasonable, factual basis for the trial court's finding, unless clearly wrong. Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300, 301-302 (La.1979). We cannot conclude that the trial court's finding of a work-related disability is clearly wrong.
EXTENT OF DISABILITY
In his reasons for judgment, the trial judge stated:
Petitioner's continued pain and inflamation (sic) of the elbow, in combination with other factors of the "odd-lot" doctrine which apply in her case, make her steady employment in a reconized (sic) calling in the labor market either highly doubtful or non-existent. (Emphasis added.)
Defendants challenge this "odd-lot" finding. They claim that plaintiff did not present a prima facie case for classification in the odd-lot category; furthermore, they claim they have carried their burden of demonstrating that there are jobs available within the range of plaintiff's ability and that she has a capacity to provide herself with a steady means of income. Oster v. Wetzel Printing, Inc., 390 So.2d 1318, 1324 (La.1980). For support of their contention of plaintiff's ability to work, defendants point to four doctors who at various times noted plaintiff had a permanent partial disability, but advised her she "should" be able to return to work. They also point to their rehabilitation report which stated that she should qualify for several light and/or sedentary occupations and listed specific jobs available in the New Orleans area.
Under the "odd-lot doctrine," if a claimant's pain appreciably limits the type of work available to him and greatly diminishes his ability to compete in the labor market, he is classified as permanently disabled unless realistically there are jobs available to him in which the claimant can earn wages. However, where the claimant cannot perform the same work he did before because it causes him substantial pain, but claimant has the mental capacity to perform other jobs which are available, he should be considered partially disabled. Lattin v. Hica Corp., 395 So.2d 690, 693-694 (La.1981). In compensation cases where pain is the linchpin to make out a prima facie case for a worker's classification in the odd lot category, the pain accompanying routine physical tasks and attempts to return to work must be substantial, serious, intense and/or severe. Culp v. Beldon Corporation, 432 So.2d 847, 850 (La.1983). Moreover, in determining disability, the entire record, both lay testimony, medical evaluation, and opinions, should be considered, because this issue of fact requires the judicial application to all the evidence of the legal test of disability, to which medical estimates of the ability to work must yield. Crump, 367 So.2d 300, 302; Lucas v. Insurance Company of North America, 342 So.2d 591, 596-597 (La.1977); Tantillo v. Liberty Insurance Company, 315 So.2d 743, 748-749 (La.1975); Williams v. Hudson East, 261 La. 959, 261 So.2d 629, 631 (La.1972).
The record contains numerous doctors' reports indicating plaintiff experiences pain and considerable swelling in her left arm. Moreover, her complaints of substantial pain are corroborated through Dr. Phillips' diagnosis of her condition in June 1982 as post-traumatic sympathetic dystrophy. In his March 1982 deposition he described the pain of post-traumatic sympathetic dystrophy as "significant." Although the trial judge did not articulate the other factors he considered in combination with plaintiff's pain, we note plaintiff has some difficulty in communicating in English, limited work experience, and little job training. While defendants' rehabilitation report indicates several jobs in other fields, which plaintiff may be qualified to perform, these are not readily available to plaintiff. The record indicates that she not only applied for a position with her previous employer and was refused, but that she also applied for positions similar to those described in defendants' *1241 rehabilitation report but was not offered any of these jobs.
We find plaintiff's pain in combination with her lack of work experience, language skills, and job training prevent her stable employment in work she is capable of performing. With proper training, plaintiff may become employable; however, she is not employable presently. We affirm the trial court's award for total and permanent disability but recognize the defendants' right to modify the award under La.R.S. 23:1331 should circumstances change.
For the reasons assigned, the judgment of the trial court awarding appellee benefits for permanent and total disability, medical expenses, and all costs of the trial court proceedings is affirmed, subject to future modification in accordance with La. R.S. 23:1331. The costs of this appeal are assessed against appellants, Taco Tico and Reliance Insurance Company.
AFFIRMED.