751 So.2d 994 (2000)
Rogers HULBERT, Sr.
v.
BOH BROTHERS.
No. 99-CA-1187.
Court of Appeal of Louisiana, Fourth Circuit.
January 5, 2000.
*995 Rene' B. deLAUP and Darryl Breaux, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
Richard S. Vale, Blue Williams, Metairie, Louisiana, Counsel for Defendant-Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr.
KLEES, C.J.
Boh Bros. Construction Co., Inc. appeals a judgment of the Office of Worker's Compensation which found that Rogers Hulbert was entitled to reinstatement of temporary total indemnity benefits and to all medical treatment prescribed by his treating physicians. Boh Bros. also appeals the award of penalties and attorney's fees. We affirm.

*996 FACTS
On June 4, 1997, Rogers Hulbert, Sr. was driving his truck along Interstate 10, while in the course and scope of his employment with Boh Bros. Construction Company. He was struck from the rear by another truck. The collision caused Mr. Hulbert's vehicle to flip and land on its hood. Mr. Hulbert was transported by ambulance to Gulfport Memorial Hospital where he underwent diagnostic testing and was released later that day.
Following the treatment at Gulfport Memorial, Mr. Hulbert was seen by Dr. Daniel Trahant, a neurologist, on June 10, 1997. Mr. Hulbert's complaints included headaches, neck and back pain, right shoulder pain and knee pain. Dr. Trahant diagnosed plaintiff with cervical and muscular strain, but found no neurological problems.
Claimant then saw Dr. Joseph Braud, a general practitioner, who became his primary treating physician. Dr. Braud prescribed pain relievers, muscle relaxers and physical therapy. Dr. Braud referred claimant to Dr. Stewart Phillips, an orthopedist, who found objective evidence in the MRI and EMG of lumbar disc herniation, and opined that claimant could not return to work. He diagnosed claimant with spinal stenosis and a herniated disc, and recommended lumbar fusion surgery. He asserted that Mr. Hulbert's disability was total and temporary.
Claimant also saw Dr. Chad Millet, an orthopedic surgeon chosen by Boh Bros. Dr. Millet examined claimant on two occasions, and reviewed the MRI findings. Dr. Millet noted disc bulges and degenerative changes in the lumbar spine, but stated there was no evidence of herniation. Dr. Millet believed claimant did not need surgery and could return to medium-duty work. Dr. Millet also believed that claimant was not being truthful in his complaints of pain or cooperative in his treatment.
In December of 1997, claimant saw Dr. John Cazale, an orthopedic surgeon, for the purposes of an independent medical examination. Both parties agreed to this choice of physician. Dr. Cazale reviewed the previous MRI, and concluded that although claimant had minimal degenerative disc bulging, there was no evidence of disc herniation. Dr. Cazale noted that the EMG test revealed radiculopathy in the right leg, and stated that claimant would benefit from physical therapy and a lumbar epidural steroid injection, but he did not think surgery was necessary. He also reviewed video tapes taken of claimant by an investigator for Boh Bros., and stated that he thought that based on claimant's activities as portrayed by the tape, claimant could return to work with certain restrictions.
Claimant had three steroid injections in the spring of 1998, but they did not relieve his symptoms. Dr. Phillips reiterated his opinion of the necessity of surgery, and claimant underwent lumbar fusion surgery in October of 1998. Following the surgery, Dr. Phillips maintained his diagnosis of temporary total disability.
Boh Bros. paid compensation benefits to claimant and paid medical benefits through September of 1997. At this point, Boh Bros. relied on the opinions of Dr. Trahant and Millet, as well as the opinion of Dr. Cazelot that claimant could return to work, and discontinued benefits. Thereafter, Boh Bros. refused to pay for physical therapy or the surgery performed by Dr. Phillips.
Following a hearing in this matter, the worker's compensation judge ordered that temporary total benefits to claimant be reinstated and that claimant was entitled to the treatment prescribed by his physicians, including the surgery. The court also found that Boh Bros. actions in terminating benefits was arbitrary and capricious and without reasonable cause, and the court awarded claimant penalties and attorney's fees. This appeal followed.

*997 APPLICABLE LAW AND DISCUSSION
In a worker's compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Freeman v. Poulan/Weed Eater, 93-1530 (la.1/14/94), 630 So.2d 733. Therefore, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Smith, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). This is so even where the evidence consists of depositions.
The manifest error-clearly wrong standard must be applied even where the evidence before the trier of fact consists solely of written reports, records and depositions. Thomas v. Universal Match Corp., 93-767 (La.App. 5 Cir. 3/16/94), 635 So.2d 1220, citing Alexander v. Pellerin Marble & Granite, 93-C-1698 (La.1/14/94), 630 So.2d 706, 710. The trial court's factual findings of work-related disability will not be disturbed where there is evidence before the trier of fact which, upon the latter's reasonable evaluation of credibility, furnishes a reasonable, factual basis for those findings unless they are shown to be clearly wrong. Stewart v. Ormond Country Club, 542 So.2d 658 (La.App. 5 Cir. 1989); Guerrero v. Tico, 436 So.2d 1237 (La.App. 5 Cir.1983). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Freeman, supra; Rosell, supra.
Whether a claimant experiences pain while working, and the extent thereof, are factual questions. The trial court's factual findings as to disability is the court's function to be determined by the weight of the evidence accorded by the court. Stewart, supra; Perrilloux v. Godchaux-Henderson Sugar Co., 436 So.2d 1325 (La.App. 5th Cir.1983).
Utilizing the requisite criteria for review, we find no manifest error in the determination of the lower court that Mr. Hulbert was temporarily totally disabled as a result of the work-related accident in June of 1997. The court gave the proper weight to the testimony of Mr. Hulbert's treating physicians, Dr. Phillips and Dr. Braud. The diagnosis and opinions of treating physicians are entitled to more weight than those of doctors retained for trial purposes only. Orgeron v. Prescott, 636 So.2d 1033 (La.App. 5 Cir.1994). Dr. Phillips, after numerous examinations, tests, and extensive treatment, concluded that appellant's problem was a herniated or protruded disc which was attributable to the accident in question; and that Mr. Hulbert's complaints of pain were supported by objective findings. This opinion was borne out by the results of the surgical procedure performed by Dr. Phillips.
In addition, Dr. Braud also examined Mr. Hulbert on numerous occasions and opined that claimant was still in pain and still needed further treatment and therapy.
Although Boh Bros. relies on the opinions of Drs. Trahant and Millet, these physicians were not claimant's treating physicians and conducted only limited examinations of claimant. Further, although Dr. Cazale opined that claimant could return to work with limitations, the trial court was free to consider the other evidence presented at the hearing.
Further, Dr. Millet's opinion that Mr. Hulbert was exaggerating his degree of pain was not supported by the evidence presented at trial. Mr. Hulbert testified that he had worked all his life and was anxious to return to work. Further, claimant's superior at Boh Bros. stated that Mr. Hulbert was an excellent worker and that he did not believe him to be a malingerer.
Under these circumstances, we conclude that the worker's compensation judge was *998 not manifestly erroneous in determining that Rogers Hulbert was temporary totally disabled or that he was in need of the medical treatment, including surgery, prescribed by Dr. Phillips and Dr. Braud. The lower court apparently decided to credit the testimony of Mr. Hulbert that he was unable to return to the job of stand-up foreman suggested by Boh Bros. The opinions of claimant's treating physicians supported this conclusion. Accordingly, we decline to disturb the lower court's factual findings of work-related disability.
We will next consider whether the lower court erred in its imposition of penalties and attorney's fees. The test to determine whether a worker's compensation claimant's right to benefits has been reasonably controverted so as to warrant penalties and attorney's fees, depends on whether the employer or its insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. LSA-R.S. 23:1201. Curtis v. Wet Solutions, Inc., 722 So.2d 421 (La.App. 3 Cir. 12/9/98). Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41.
The worker's compensation court in this case made a factual finding that Boh Bros. failed to controvert claimant's entitlement to indemnity benefits and surgery, and that its termination of claimant's benefits was arbitrary and capricious and without reasonable cause. The trial court apparently concluded that Boh Bros. was aware that Mr. Hulbert could not return to his old job, or to the stand-up foreman job suggested by Boh Bros., and that Boh Bros., did not in fact have a modified job for him. The vocational rehabilitation expert hired by Boh Bros. who testified at trial failed to establish that there was a position available for Mr. Hulbert where he could earn even a portion of his pre-accident wages. The record indicates that Boh Bros. ceased benefits entirely and did not offer supplemental earnings benefits to claimant based on these lower-paying jobs.
Further, the record indicates that Boh Bros. refused to pay for physical therapy treatments for claimant, even though Dr. Braud stated they were necessary. In fact, the record also indicates that the independent medical examiner, Dr. Cazale, also stated that physical therapy would be helpful to claimant. The trial court was correct in finding Boh Bros. was arbitrary and capricious in not paying these bills.
Accordingly, for the reasons assigned herein, the judgment of the worker's compensation court is affirmed. Boh Bros. is to bear all costs of this appeal.
AFFIRMED.