787 So.2d 1134 (2001)
Jacqueline WILLIAMS
v.
WAL-MART STORES, INC. # 912.
No. 2000-CA-0863.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 2001.
David K. Buie, Metairie, Counsel for Plaintiff/Appellant.
Frank A. Flynn, Allen & Gooch, Lafayette, Counsel for Defendant/Appellee.
Court composed of Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS Jr.
*1135 KIRBY, Judge.
In this workers' compensation case, the claimant, Jacqueline Williams, appeals from the judgment of the Office of Workers' Compensation, which awarded her temporary total disability benefits from June 1, 1997 through October 24, 1997. Claimant was also awarded medical benefits from the date of injury through February 26, 1999, with the workers' compensation judge specifically finding that medical treatment until that date was reasonable and necessary, but that claimant was not disabled from engaging in some type of employment after October 24, 1997.
Claimant filed a disputed claim for compensation in the Office of Workers' Compensation alleging that she was involved in a work-related accident at Wal-Mart Stores, Inc., Store # 912, on or about June 1, 1997. Claimant alleges that she was working as a cashier on that date when she was asked to take a load of trash to a nearby dumpster. A wooden crate was in front of the dumpster. Claimant stated that in order to open the top of the dumpster, she had to step onto the crate. As she was tossing the trash, the crate broke and claimant fell to the ground.
According to claimant, the basis of her dispute with Wal-Mart is that she claims that she is unable to return to work in her previous capacity, continues to have constant pain in her lower to middle back, and is required to take medication that causes drowsiness. In this disputed claim form, claimant states that Wal-Mart contends that she is fully recovered from any injuries that she may have suffered in the June 1, 1997 accident.
At the trial in this matter, three witnesses testified: the claimant; Robert Caluette, the vocational case manager who handled plaintiff's case for Wal-Mart; and Melanie Falgout, the personnel manager at the Wal-Mart where claimant worked. Additionally, two witnesses testified by deposition: Al Bozeman, the manager of the bar where claimant worked after the accident; and Russell Ruminer, a private investigator who was hired by the adjusting company that handled claimant's claim against Wal-Mart. The only medical evidence presented was medical reports and records.
In a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Hulbert v. Boh Brothers, 99-1187, p. 4 (La.App. 4 Cir. 1/5/00), 751 So.2d 994, 997. The trial court's factual findings of work-related disability will not be disturbed where there is evidence before the trier of fact which, upon the trier of fact's reasonable evaluation of credibility, furnishes a reasonable, factual basis for those findings unless they are shown to be clearly wrong. Id. at p. 4, 751 So.2d at 997.
Wal-Mart did not appeal the judgment in this case, and did not answer claimant's appeal. Therefore, the issues of whether or not a work-related accident occurred, and whether or not claimant suffered injuries as a result thereof are not before this Court. The only issues addressed on appeal are 1) whether the trial court erred in finding that claimant's period of disability terminated on October 24, 1997, and 2) whether the trial court erred in failing to accord greater weight to the opinion of claimant's treating physician than to the physician who examined claimant solely for litigation purposes.
On the issue of the duration of claimant's disability, the evidence offered included claimant's testimony and her medical records. The claimant testified that when the wooden crate broke, she fell backwards and landed on her buttocks. She sought medical attention and received *1136 medication for pain in her back and buttocks areas. Claimant has not returned to work at Wal-Mart because of pain associated with this injury. After her initial visit to an emergency room, claimant sought treatment from Dr. Robert Ruel, an orthopedist, in July 1997. Claimant testified that Dr. Ruel prescribed medication and physical therapy and instructed her not to return to work at that time. She said that neither the medication nor the physical therapy relieved her pain. Claimant stated that Dr. Ruel authorized her to return to work in early October 1997. She said that when Dr. Ruel told her she could return to work, she told him that she was still in pain and taking pain medication.
Claimant testified that prior to the time Dr. Ruel released her to return to work, she sought a second opinion from Dr. Windsor Dennis, an orthopedic surgeon. She saw Dr. Dennis on September 18, 1997 and complained of severe pain in her lower and middle back. Dr. Dennis ordered an MRI, which claimant underwent shortly thereafter. Claimant said that after a visit in February 1999, Dr. Dennis instructed her not to return to work.
Claimant testified that she saw Dr. Gordon Nutik in January 1999 at the request of the defense. In her testimony, she stated that she disagrees with Dr. Nutik's conclusion that she is capable of going back to work as a cashier.
Claimant underwent CT scans of her cervical spine and lumbar spine on June 11, 1998 at Medical Center of Louisiana. A radiology report listed impressions of posterior osteophyte formation at L5-S1 with no spinal canal stenosis, anterior osteophyte formation and vacuum phenomenon at C5-6, and mild bulging of the disc at C4-5 and C6-7. This report did not state any view as to any disability of claimant.
Claimant stated that she started working as a cocktail waitress in January 1998, even though she still suffered from needle-like sensations and pain in her back and buttocks. She worked full time for approximately two months, and then switched to part-time hours due to her pain. After approximately two months of this part-time work, claimant left this job because of her pain. She is not working now and has never worked anywhere else since leaving her job as a cocktail waitress. Claimant said that in addition to her back and buttock pain, she now also suffers from depression and takes medication for that problem. She said there is no type of work that she feels she is capable of doing due to her continued pain in her back and her arthritis and depression.
As noted above, no physician testified in this matter, either at trial or by deposition. However, the record does contain the medical records of the physicians who treated claimant. The records of Dr. Robert Ruel indicate that he treated claimant on eleven different dates between July 1997 and October 1997. Included in Dr. Ruel's records is a note dated October 2, 1997 and signed by Dr. Ruel, stating that claimant is "O.K. to return to work." The records also contain another note dated October 27, 1997 and signed by Dr. Ruel, stating that "[t]he above pt. [patient] has been returned to regular duty. Pt. [patient] should wear a lift belt." Dr. Ruel's records indicate that the October 27, 1997 note was in response to requests for clarification from Wal-Mart's vocational case managers as to whether claimant was released for full duty or light duty and whether Dr. Ruel placed any restrictions on her.
The records of Dr. Windsor Dennis indicate that he treated claimant on three occasions, twice in September 1997 and once in February 1999. Dr. Dennis ordered an MRI at the first September visit, *1137 and noted in his records that the results were normal. At the February 26, 1999 visit, Dr. Dennis gave claimant a note stating that she was unable to work from that date until an undetermined date. He stated in that note under the comments section that cervical pain and degenerative findings were present, and were associated with a disc narrowing "which are thought to be a result of her 1997 injury at Wal-Mart."
Dr. Gordon Nutik examined claimant once on January 13, 1999. Dr. Nutik also reviewed claimant's medical records. He noted in a report that no fractures were revealed in claimant's earlier x-rays. His examination did not reveal any objective findings to indicate evidence for disability in the neck, middle back, low back, pelvis or left ankle. His opinion is that claimant should be capable of returning to work as a cashier.
The workers' compensation judge evaluated the evidence on the issue of the duration of claimant's disability and concluded that her temporary total disability ended on October 24, 1997, the date on which Wal-Mart stopped paying disability benefits to claimant. This conclusion is supported by the records of Dr. Robert Ruel, who treated claimant on a regular basis from July to October 1997 and concluded that she was able to return to full duty work as of October 2, 1997. Although the judge did not issue reasons for judgment, we can assume that she chose to rely more heavily on the opinion of Dr. Ruel, who treated claimant eleven times in the four month period following the accident, rather than on the opinion of Dr. Dennis, who treated claimant just twice in September 1997 and then not again until the one visit in February 1999. Factual findings regarding the existence, causation, and duration of disability are entitled to great weight and should not be disturbed on appeal absent manifest error. Fuselier v. International Maintenance Corp., 94-792, p. 10 (La.App. 3 Cir. 2/1/95), 649 So.2d 1197, 1202 (emphasis ours.) We find no manifest error in the workers' compensation judge's decision that claimant's disability ended on October 24, 1997.
Claimant's other argument is that the trial court erred in failing to accord greater weight to the opinion of claimant's treating physician than to the physician who examined claimant solely for litigation purposes. The general rule is that the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. McDonald v. New Orleans Private Patrol, 569 So.2d 106 (La. App. 4 Cir.1990). However, the treating physician's testimony is not irrebuttable, and the trier of fact is required to weigh the testimony of all medical witnesses. Celestine v. U.S. Fidelity & Guaranty Co., 561 So.2d 986, 991 (La.App. 4 Cir.1990).
Claimant contends that the opinion of Dr. Dennis should have been given greater weight than the opinion of Dr. Nutik. According to claimant, Dr. Dennis was her treating physician and his opinion that she is unable to return to work as of February 1999 is entitled to more weight than Dr. Nutik's January 1999 opinion that claimant is capable of returning to work as a cashier. This argument does not even acknowledge the fact that the physician who treated claimant more times than any other for her work-related injury, Dr. Ruel, found that claimant was capable to return to full duty work as of October 1997. Furthermore, although Dr. Nutik only examined claimant once, Dr. Dennis only examined her three times, twice in September 1997 and then not again until February 1999.
Due to the fact that Dr. Dennis only treated claimant three times, coupled with *1138 the fact that a period of one and one-half years elapsed between the second and third visits, we find that Dr. Dennis' opinion is not entitled to greater weight than that of other physicians who examined claimant. This argument has no merit.
For the reasons stated above, we affirm the decision of the workers' compensation judge.
AFFIRMED.