I JOAN BERNARD ARMSTRONG, Judge.
This is a workers’ compensation case. The Workers’ Compensation Judge (‘WCJ”) found that, due to an injury to the claimant’s right knee, thé claimant was temporarily totally disabled. The employer appeals.
The claimant, Alton Crowden, was an employee of the State of Louisiana Department of Public Safety and Corrections. For purposes of this appeal, it is undisputed Mr. Crowden suffered an on-the-job injury to his left knee on February 27, 1997. That left knee injury was treated by Dr. Ray Marrero, with surgery, casts, crutches, etc. Mr. Crowden complained to Dr. Marrero of right knee pain in February 1998. Subsequently, Dr. Marrero treated extensively the right knee as well. Mr. Crowden argued in the trial court that, due to the injury to his right knee, he was temporarily totally disabled from February 1998 through the time of trial. The WCJ agreed and found that Mr. Crowden was temporarily totally disabled from February 1998.
| ?The main issue raised on appeal by the State is whether the injury to Mr. Crowden’s right knee was caused by the on-the-job accident. Mr. Crowden’s theory, apparently accepted by the WCJ, is *503 that, as a result of the surgery, casts, crutches, etc. for the injury to his left knee, his weight was shifted to his right leg with the result that previously existing, but asymptomatic, joint degenerative disease in his right knee was aggravated, required extensive treatment, and became disabling. The State argues that the WCJ was wrong as a matter of fact in finding that the on-the-job injury to Mr. Crow-den’s left knee caused the injury to his right knee and that, instead, the problems with Mr. Crowden’s right knee were caused purely by pre-existing degenerative disease. However, the history of his knee problems testified to by Mr. Crowden, together with the report and deposition testimony of Dr. Marrero, does support Mr. Crowden’s theory that the shift of weight to his right knee, due to the surgery, casts, crutches, etc. for his left knee injury, aggravated the previously asymptomatic degenerative condition of his right knee. The WCJ’s findings of fact may not be disturbed upon appeal so long as they are not clearly wrong-manifestly erroneous. E.g., Williams v. Wal-Mart Stores, Inc., 2000-0863 (La.App. 4 Cir. 5/16/01), 787 So.2d 1134; Hulbert v. Boh Brothers, 99-1187 (La.App. 4 Cir. 1/5/00), 751 So.2d 994. Based upon the record as a whole, we cannot say that the WCJ was clearly wrong-manifestly erroneous as to this issue.
The State also argues briefly that Mr. Crowden’s left knee injury did not cause him temporary total disability. A medical expert retained by the State, Dr. laEric Carson, opined in his report to the effect that Mr. Crowden was temporarily totally disabled. The State argues that Dr. Mar-rero did not testify that Mr. Crowden was temporarily totally disabled. However, Dr. Marrero did not directly, at least explicitly, contradict Dr. Carson. In any case, to the extent that the opinions of the two doctors differ, this was a conflict to be resolved in the first instance by the WCJ and we cannot say that the WCJ was clearly wrong-manifestly erroneous in accepting Dr. Carson’s assessment.
The State also argues, based upon the factual premise that Mr. Crowden’s left knee injury did not cause his right knee injury, that Mr. Crowden is not entitled to the cost of medical treatment for his right knee. Because, above, we have held the WCJ was not clearly wrong-manifestly erroneous in finding that the injury to Mr. Crowden’s left knee caused the injury to his right knee, we hold that Mr. Crowden is entitled to the cost of treatment for his right knee.
Lastly, the State argues that it erroneously paid compensation benefits to Mr. Crowden from February 1998 to October 4, 1998 and that it should be given a credit for that overpayment. The WCJ ordered that benefits should be reinstated from February 1998 with interest on “past due” payments. Payments which were made from February 1998 to October 4, 1998 should not be made again because that would constitute a double payment. The State is entitled to a credit for payments made from February 1998 to October 4, 1998. La. R.S. 23:1206. Accordingly, the WCJ’s order that payments be made from February 1998 to October 4, 1998 is reversed.
|4For the foregoing reasons, we affirm in part and reverse in part the judgment of the WCJ.
AFFIRMED IN PART; REVERSED IN PART.