1 JAMES F. McKAY III, Judge.
This case involves a disputed claim for death benefits made pursuant to the Louisiana Workers’ Compensation Act by the appellants Jerrilyn Ray, the widow of Walter Ray, III, on behalf of herself and her minor children. The claim arises out of the shooting death of Walter Ray III, who at the time of his death was employed as a grounds keeper for the New Orleans Department of Parks and Parkways (DPP). The shooting death of Walter Ray occurred on April 14, 2000, at the Texaco gas station at 2829 Gentilly Boulevard.[1] The perpetrator was James Taylor, a fellow employee at the DPP.
The City denied the appellants’ entitlement to death benefits because Walter Ray’s death did not involve an “accident arising out of and in the course of his employment,” as contemplated by La. R.S. 23:1031(A) which sets forth the requirements for an accident to, be compensable pursuant to the Act.
The issue of whether Walter Ray’s injury occurred within the course and scope of his employment is a factual determination. Factual findings of a hearing officer may not be disturbed by an appellate court unless the factual findings are | ¿manifestly erroneous or clearly wrong. Hulbert v. Boh Bros., 99-1187, p. 4 (La.App. 4 Cir. 1/5/00), 751 So.2d 994, 997. In order for an appellate court to set aside a hearing officer’s factual finding, the appellate court must conclude from the record, viewed in its entirety, that a reasonable factual basis did not exist for the hearing officer’s finding and that this finding is clearly wrong. Id. Thus, even though an appellate court may feel that its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id.
Before reviewing the evidence, we set forth the controlling principles of law on course and scope. Generally, two elements must be proven to show that an employee was within the course and scope of his employment: (1) that the injury suffered by the employee arose out of the employment (“the arising-out-of requirement”), and (2) that the employee suffered the injury during the course of his employment (“the during-course-of requirement”). Bolton v. Tulane Univ. of Louisiana, 96-1246, p.11 (La.App. 4 Cir. 1/29/97), 692 So.2d 1113, 1120.
The principal objective of the “arising-out-of employment” requirement is to separate accidents that may be attributed to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 349 (La.1992). A determination of whether an accident arises out of the employment requires that a court consider only the following 1 ¡¡questions: (1) Was the employee then engaged about his employer’s business and *786 not-merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time , the accident occurred?
Bolton, 96-1246 at p. 13, 692 So.2d at 1121.
In the instant matter, on the day of the incident, Walter Ray and James Taylor were in the assembly room at the DPP completing their respective payroll cards. A fight ensued between the two men in a dispute over a pen. As a result of this incident, both men were suspended pending further disciplinary proceedings and ordered to leave the DPP premises at once. Both men left the DPP premises. Later that afternoon, around 1:00 p.m., both men returned to the DDP complex to collect their paychecks. Security allowed both men onto the premises and they apparently left the premises separately and without incident. Soon thereafter, while Walter Ray was in the Texaco station waiting in line to cash his check, a female confronted him. A verbal altercation ensued between Walter Ray and this female. Subsequently, James Taylor entered the store and shot and killed Walter Ray. The woman and James Taylor left the store together and drove off. James Taylor was ultimately convicted of second-degree murder in connection with this shooting.
Although, the record indicates that there was bad blood between Mr. Ray and Mr. Taylor during the time that they were employed by the DPP, the incident of the shooting cannot be construed to.be in the course and scope of employment at |4the DPP. The hearing office in its reasons for judgment made factual determination and succinctly stated that:
Claimant Walter Ray and a co-employee got into a fight on the employer’s premises. The employer already had made sure these two employees did not work on the same truck together. The reason for the fight was a dispute over an ink pen between two employees with an alleged history of inability to get along.
After the fight, the employer escorted both employees off the premises. The employer made sure both employees were put off the premises separately so that they would not resume the fighting.
However, later that day both employees returned at the same time to get their paychecks. Again, the employer saw to dt that they were both put off the premises separately.
Unfortunately, both employees went across the street to a local facility that sold gas, etc. (and possibly. cashed checks). At that time, another verbal dispute erupted. At the end of the altercation, Walter Ray died. The other employee is now serving a life imprisonment term for his killing. His girlfriend, who was involved in the dispute was not jailed.
This employer did all the necessary and reasonable to keep these two men from fighting each other.
The issue of the ink pen was a bogus issue. These two men were committed to fighting despite this employer’s best efforts to prevent it.
This fight was not within the course and scope of employment. It was a long-standing personal feud between the two employees.
In reviewing the trial court’s judgment, we must first examine if the injury that Walter Ray suffered arose out of his employment. Secondly, we must determine if the injury he incurred was suffered during the course of employment. Clearly, Walter Ray was not about his employer’s business whep he went to the Texaco station to cash his paycheck; this action had no correlation to any business of the DPP. Walter Ray’s going to the Texaco station is not related in any way to work nor was it *787 performed during the course of his employment with the DPP. Neither did his employer’s | (¡business require him to be at the Texaco station. See Bolton. This was purely a personal errand conducted' on his own time. Furthermore, he was neither on his employer’s premises nor at another place where his employment activities would take an employee. See Mundy. We also take note that Walter Ray and James Taylor were under suspension from the DPP pending disciplinary action at the time of the incident.
Walter Ray’s activities were not in the course and scope of his employment as envisioned by the Workers’ Compensation Act. Clearly, he did not sustain a com-pensable injury. The trial court heard all of the evidence and made a factual determination and its judgment will not be disturbed upon this Court’s review. Accordingly, we affirm the Workers’ Compensation Judge’s denial of death benefits to the appellants.
AFFIRMED.

. This gas station is across the Boulevard from the DPP facility.