LOVE, J.,
dissenting.
hi respectfully dissent from the majority decision. The issue before this Court is whether the OWC properly concluded that Mr. Duplessis failed to prove, by clear and convincing evidence, that he is physically incapable of engaging in any employment. Appeals concerning the factual findings of a workers’ compensation judge are subject to the manifest error standard of review. Dean v. Southmark Constr., 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Under the manifest error standard, the reviewing court is to assess not whether the fact-finder’s decision was right, but rather, whether the decision was a reasonable one in light of the record. As such, reasonable evaluations of witness credibility and reasonable inferences of fact should not be disturbed by the appellate court. Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
After reviewing the record, I find that, based on Dr. Butler’s testimony, the OWC’s decision was reasonable, and not manifestly erroneous. Generally, the testimony of the treating physician should be accorded greater weight than the testimony of a physician who examines a patient only once or twice. Williams v. Wal-Mart Stores, Inc., 00-0863 (La.App. 4 Cir. 5/16/01), 787 So.2d 1134. Mr. Duplessis relied on the testimony of Dr. Ploger, an orthopedic surgeon who only examined Mr. Duplessis once, to establish that Mr. Du-plessis was physically 1 ^incapable of engaging in any type of employment. The ap-pellee, Tulane University, introduced the testimony of Dr. Butler, Mr. Duplessis’ treating physician, to support its contention that Mr. Duplessis was capable of engaging in part-time sedentary work. Even with Dr. Ploger’s x-ray findings, which revealed a failed lumbar fusion, Dr. Butler maintained that Mr. Duplessis was capable of employment. While Dr. Ploger had a medical basis for his determination, the OWC judge found Dr. Ploger’s testimony to be less convincing than that of Dr. Butler, Mr. Duplessis’ treating physician for nearly four years.
Trial courts are faced with the task of determining the veracity of witness testimony and weighing evidence. When there are two permissible views of evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). Both Dr. Ploger and Dr. Butler presented plausible determinations on Mr. Duplessis’ capability to return to work, yet the OWC found Dr. Butler’s findings more credible. As such, because I do not find that the choice between the two testimonies was clearly wrong, I find no basis for this Court to reverse the OWC decision.