DANIEL L. DYSART, Judge.
J^Daris McCorkle appeals a judgment dismissing his workers’ compensation claim. For the following reasons, we affirm.
FACTUAL BACKGROUND:
It is undisputed that Daris McCorkle (hereinafter “appellant”) was injured in the course and scope of his employment as a valet for Harrah’s New Orleans Management Company (hereinafter “Harrah’s”) on August 12, 2002. Appellant struck his head on an overhead concrete projection while retrieving a customer’s vehicle. It is also undisputed that appellant injured his cervical spine.
Appellant was originally diagnosed immediately after the accident with a neck sprain and was released to return to work on September 3, 2002. Because of continued problems, appellant consulted with Dr. Bradley Bartholomew, a neurosurgeon, who ordered an MRI. The test revealed a herniated disc at C4-5. Dr. Bartholomew performed an anterior cervical discectomy with a fusion of C4-5 in late May 2003.
| gin March of 2004, following continued complaints of pain from his neck to the elbow and numbness from his elbow to his wrist, Dr. Bartholomew ordered a second MRI. Dr. Bartholomew discussed a second fusion of C5-6 with appellant, but he declined. Dr. Bartholomew referred appellant to Dr. Karen Ortenberg, a board certified physical medicine and rehabilitation specialist, for pain management. Pri- or to treating with Dr. Ortenberg, appellant saw Dr. David Rosenfeld, who treated appellant with epidural steroid injections.
Appellant did not see Dr. Ortenberg until March 21, 2006. She recommended a multi-disciplinary treatment approach which included medicine management and a work-conditioning program. Additionally, Dr. Ortenberg referred appellant to Dr. Kevin Bianchini, a neuropsychologist, to learn behavioral pain management strategies. Dr. Ortenberg determined that appellant was at maximum medical improvement in 2006, and released him to light demand work, with restrictions.
Following filing his claim for reinstatement of temporary total disability benefits, appellant began treating with Dr. Kevin McCarthy, a Baton Rouge orthopedic surgeon, in October 2008. Initially, Dr. McCarthy ordered epidural steroid injections, administered by Dr. George Jiha. Additionally, in November 2008, appellant submitted to a cervical MRI, and in January 2009, had an EMG and nerve conduction study. A cervical myelogram and CT scan was conducted in June 2009, which Dr. McCarthy reported confirmed the C5-6 impingement first diagnosed by Dr. Bartholomew in 2003. Dr. McCarthy recommended surgery.
^Appellant amended his claim to include the denial of his surgery.
DISCUSSION:
A hearing on appellant’s claims was held on May 22, 2012. Stipulations were of *518 fered as to the date of injury, average weekly wage at time of injury, and the amount of the previously paid temporary total disability benefits. Following testimony, the OWCJ took the matter under advisement.
A judgment was rendered July 6, 2012, finding that appellant had failed to meet his burden of proving that Harrah’s incorrectly terminated his temporary total disability benefits, or that Harrah’s was obligated to reinstate those benefits. The judgment further provided that appellant was not entitled to any additional surgery or epidural steroid injections. Having found in favor of Harrah’s on both issues, the judgment stated that no penalties and attorney fees were warranted. Appellant’s claims were dismissed, with prejudice.
The standard of review of findings of fact in workers’ compensation claims is the manifest error/clearly wrong standard. Dean v. Southmark Constr., 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Applying the standard requires the appellate court to determine whether the factfinder’s conclusions were reasonable, not whether the trier-of-fact was right or wrong. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7-8 (La.7/1/97), 696 So.2d 551, 556.
As in all civil cases, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court considers its own evaluations and inferences are as reasonable. Rosell v, \4ESCO, 549 So.2d 840, 844 (La.1989). Review of rulings on credibility of witnesses demands great deference to the trier-of-fact’s findings because only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on' the listener’s understanding and belief in what is said. Id.
Further, the manifest error/clearly wrong standard applies to findings regarding the necessity of medical treatment. Bell v. Mid City Printers, 10-0818, p. 10 (LaApp. 4 Cir. 12/22/10), 54 So.3d 1226, 1234.
Appellant assigns as error the OWCJ’s finding that he was not entitled to have his temporary total disability benefits reinstated. He argues that he proved by clear and convincing evidence that he is unable to engage in any employment or self-employment, and is therefore entitled to receive temporary total disability benefits.
This Court has held that a finding of a work-related injury does not also establish that a claimant is entitled to workers’ compensation disability benefits.
“While a showing that there is no work related disability is enough to deny benefits, the converse is not true.... It is not enough just to prove the inability to continue in the pre-injury job.” A claimant seeking any type of disability indemnity benefits — TTD or SEB— must meet an additional burden of proof.
Reinhardt v. City of New Orleans, 09-1116, p. 25 (La.App. 4 Cir. 1/13/10), 30 So.3d 229, 244, citing Rapp v. City of New Orleans, 95-1638, p. 5 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, 438.
Appellant concedes that his burden of proof is by clear and convincing evidence, yet he ignores the fact that several physicians and other professionals | ¡-.agreed that he could return to work, albeit not the same type of job as the one he was performing at the time of injury.
Dr. Karen Ortenberg reviewed the first functional capacity evaluation (FCE) completed by appellant, and determined that as far back as 2005, appellant could perform some type of sedentary to light physical demand work. She recommended that *519 he attend work conditioning sessions, which he did. Following completion of those sessions, Dr. Ortenberg found appellant to be at maximum medical improvement. She ordered another FCE in 2006, and after review of the results, released appellant to light demand work with restrictions. Her report indicated that appellant had no progressive neurologic signs involving range of motion, muscle weakness, deep tendon reflexes or sensation. Dr. Ortenberg noted that appellant had shown a positive reaction to the work conditioning program, and that she encouraged him to keep exercising. Lastly, she reported that appellant declined to participate in the behavioral pain management therapy that she had recommended.
Based on a report from Dr. Ortenberg, appellant’s then treating physician, Har-rah’s contacted Ty Pennington, a nationally licensed vocational rehabilitation counselor, to meet with appellant and to identify potential jobs suitable for his physical ability. The jobs were primarily entry level positions for which appellant already had appropriate skills to perform or which required training that appellant could accomplish. The list of jobs was sent to Dr. Ortenberg, who approved eight of the eleven jobs. Appellant concedes that he did not apply for any of the eight jobs.
| (¡According to Harrah’s, it terminated appellant’s temporary total disability benefits on March 8, 2008, because of the availability of jobs appropriate for appellant’s physical limitations and because the jobs would provide appellant with at least ninety percent of his average weekly wage. The termination of benefits prompted appellant’s claim for compensation.
In Reinhardt, supra, 09-1116, p. 26, 30 So.3d at 244-45, this Court stated:
A claimant who can perform light duty work is not entitled to TTD benefits. Holden v. International Paper Co., 31,-104, p. 2 (La.App. 2 Cir. 10/28/98), 720 So.2d 442, 444. “Thus the question is not whether the workers’ compensation claimant could perform the previous work but, rather, whether the claimant could perform some sort of work.” Pic-quet v. Teco Bulk Terminal, 08-793, p. 11 (La.App. 5 Cir. 4/28/09), 13 So.3d 208, 216.
Thus, the question is not whether appellant could return to work as a valet, but whether he could perform any type of work. There is sufficient medical evidence contained in the record to support the OWCJ’s finding that appellant was capable of performing some type of work, even if only light duty.
Accordingly, we cannot say that the OWCJ was manifestly erroneous/clearly wrong in finding that appellant was not entitled to have TTD benefits reinstated.
In another assignment of error, appellant argues that the OWCJ erred in giving greater weight to the testimony of two physicians who each evaluated him only once, rather than to the testimony of his treating physician who recommended further medical treatment.
Louisiana Revised Statute 23:1203 A provides that the employer shall provide all necessary treatment, including “medical and surgical treatment, and any 17nonmedical treatment recognized by the laws of this state as legal.” The claimant must prove by a preponderance of the evidence that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. Bell v. Mid City Printers, Inc., supra, at 10-0818, p. 10, 54 So.3d at 1234, citing Schindler v. Orleans Regional Security, 03-0522, p. 9 (La.App. 4 Cir. 12/3/03), 862 So.2d 1032, 1039.
*520 Appellant argues that the OWCJ gave too much weight to the opinions of Drs. Ferachi and Broussard. He specifically argues that it was error because Dr. McCarthy, appellant’s current physician, is more, credentialed than the other two doctors. Dr. McCarthy has a fellowship in spinal surgery, whereas the other two doctors are “general practice” orthopedic surgeons.
The general rule is that the testimony of a treating physician should be given greater weight than that of a physician who treated the patient only once or twice. Williams v. Wal-Mart Stores, Inc., 00-0863, p. 6 (La.App. 4 Cir. 5/16/01), 787 So.2d 1134, 1137. However, the treating physician’s testimony is not irrebuttable, and the trier-of-fact is required to weigh the testimony of all medical witnesses. Id., citing Celestine v. U.S. Fidelity & Guaranty Co., 561 So.2d 986, 991 (La.App. 4 Cir.1990). Thus, the jurisprudence supports appellant’s proposition that the OWCJ should give greater weight to the opinion of his treating physician; however, the OWCJ is not obligated to disregard the testimony of other physicians who have treated him.
|sIn this case, appellant was treated by numerous physicians since the date of injury and the records of those physicians were entered into evidence and reviewed by the OWCJ. Those records contain the differing opinions of Drs. McCarthy and Ferachi, which prompted the independent medical examination (IME) of Dr. Brous-sard.
The records indicate that Harrah’s ordered appellant to present for a second opinion with Dr. Larry Ferachi, a board certified orthopedic surgeon, following Dr. McCarthy’s surgery recommendation. After an examination of appellant and review of his prior medical records, Dr. Ferachi was of the opinion that appellant was not a candidate for surgery. He saw no evidence of nerve root impingement, radiculo-pathy, or degenerative disc disease. Dr. Ferachi recommended one additional cervical steroid injection before appellant could return to work in a sedentary demand job.
Because of the conflicting diagnoses, Harrah’s requested that an independent medical examination be conducted pursuant to La. R.S. 23:1123. The Office of Workers’ Compensation scheduled an appointment for appellant with Dr. Thad Broussard, also a board certified orthopedic surgeon. Dr. Broussard reviewed appellant’s medical records, including his diagnostic test results, and conducted a physical examination, following which he diagnosed degenerative disc disease at C5-6 and C6-7, without nerve root impingement. He opined that appellant had been at maximum medical improvement for some time. Dr. Broussard | Recommended intermittent doctor visits, medication as needed, and a possible psychological evaluation, but not surgery.
Because Drs. Ferachi and Broussard agreed that no surgery was necessary, Harrah’s declined to approve the anterior cervical discectomy and fusion recommended by Dr. McCarthy.
Based on our review of the medical records and the record testimony of the physicians, we cannot say that the OWCJ was manifestly erroneous/clearly wrong in finding that further surgery was not necessary.
Accordingly, for the reasons set forth herein, we affirm the judgment of the OWCJ.
AFFIRMED